[No. B148171. Second Dist., Div. Seven. May 8, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY INSURANCE
COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, and Lauren M. Black, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—A surety appeals from an order denying its motion to vacate forfeiture of a bond. The sole issue on appeal is whether the failure to declare the bond forfeited in open court as required by Penal Code section 1305, subdivision (a) exonerates the bond. We answer the question in the affirmative. Accordingly, we reverse the order and remand to the trial court with directions to vacate the forfeiture and exonerate the bond.

### FACTS AND PROCEEDINGS BELOW

On July 13, 1999, Bert Potter Bail Bonds, as an agent for appellant National Automobile and Casualty Insurance Company (National), posted a $50,000 bond for the release of one Gabriel Galvan from custody. On November 1, 1999, the defendant failed to appear at a scheduled court hearing without sufficient excuse. The record reflects the following occurred in open court: "People versus Galvan. [¶] He's failed to appear. It's 9:35. [¶] At counsel's request, the warrant is going to be issued and held. [¶] *Bail*

*status is revoked.* No bail warrant is issued. It will be held here until the 9th . . . ."[1]

At a recess the clerk asked the court whether bail was forfeited. The judge said, "yes." The minute order the clerk prepared for the day states, "Bail ordered forfeited."

On November 9, 1999, the defendant again failed to appear and the court issued the bench warrant. Three weeks later on November 22, 1999, the clerk of the court mailed a notice of forfeiture to Bert Potter Bail Bonds and to National.

Penal Code section 1305 requires a court to vacate a forfeiture and exonerate the bond if the defendant appears in court within 180 days of the date of forfeiture.[2] On two occasions the court granted National's requests to extend this time. National's last request to set aside the forfeiture extended time to December 2, 2000.

On November 29, 2000, National filed a motion to vacate the forfeiture and exonerate the bond on the ground the trial court had not properly declared the bail forfeited when the defendant first failed to appear as scheduled on November 1, 1999. Specifically, National contended the court lost jurisdiction over the bond because the court failed to declare the bail forfeiture in open court.

After reviewing the file and hearing oral argument the court denied the motion. As the trial court described the situation, "It's a motion to vacate the forfeiture on the basis that on November 1st when the defendant failed to appear, that *the transcript reflects that there was no forfeiture of the bail.* [¶] However, the minute order indicates that there was. And the court has its original notes here. And what it indicates is that *the court revoked the defendant's bail status,* and that the clerk then asked at the recess was the bail forfeited; and I said 'yes,' and so he put it in the minute order as well. [¶] And this matter was before the court then on June 8th for a motion to extend, and there was no—nothing brought up about a lack of the forfeiture of the bail. That was granted, that request. And on September 9th, it was again another motion to extend, and there was no mention of the question as to whether the bail was forfeited."[3]

Accordingly, the trial court denied National's request to vacate the forfeiture and to exonerate the bond. National appeals from the adverse ruling.

[1]Italics added.
[2]Penal Code section 1305, subdivision (c).
[3]Italics added.

DISCUSSION

I. *The 1998 Amendment to Penal Code Section 1305, Subdivision (a) Imposed the Additional Requirement Bail Be Declared Forfeit in Open Court.*

National argues the trial court failed to make an on-the-record pronouncement of bail forfeiture as required by statute and thus the forfeiture should be vacated and the bond exonerated. The People counter the bond should not be exonerated because the court substantially complied with the statutory requirements by clarifying its intended ruling in its minute order for the day.

■ In interpreting a statutory scheme our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. " 'To ascertain such intent, courts turn first to the words of the statute itself . . . , and seek to give the words employed by the Legislature their usual and ordinary meaning. . . . When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. . . . The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute . . . , and where possible the language should be read so as to conform to the spirit of the enactment. . . .' "[4] "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]"[5]

Prior to its amendment in 1998, Penal Code section 1305, subdivision (a) required a declaration of bail forfeiture but did not specify any particular method for doing so. The statute then read: "A court *shall declare forfeited* the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for [a scheduled court appearance]."[6] Thus, under section 1305, subdivision (a) as it formerly read a bail forfeiture was nevertheless valid when declared solely on the minute order prepared for the day.[7]

In 1998 the Legislature amended this section to clarify the procedure for declaring a forfeiture by expressly requiring a court to declare a bail

---

[4]*People v. Amwest Surety Insurance Co.* (1997) 56 Cal.App.4th 915, 919-920 [66 Cal.Rptr.2d 29], citations omitted.

[5]*Estate of Griswold* (2001) 25 Cal.4th 904, 911 [108 Cal.Rptr.2d 165, 24 P.3d 1191].

[6]Former Penal Code section 1305, subdivision (a), as amended by Statutes 1996, Chapter 94, section 1, italics added. All further statutory references are to the Penal Code unless otherwise indicated.

[7]See *People v. Ranger Ins. Co.* (1993) 19 Cal.App.4th 353, 356 [24 Cal.Rptr.2d 115] (the court observed the statute did not then impose the requirement of declaring bail forfeited in

forfeiture in open court. Section 1305, subdivision (a) now provides "A court *shall in open court declare forfeited* the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for [a scheduled court appearance]."[8]

■ The plain language of the amended statute indicates in order for bail to be forfeited a trial court must (1) make a declaration of forfeiture stating "bail is forfeited" (2) on the record while court is in session. The Legislature's use of the word "shall" signifies this dual requirement is mandatory.[9]

Legislative history of the amendment makes clear any other conclusion would frustrate the Legislature's purpose in imposing the "open court" requirement of providing sureties and their agents prompt notice of a defendant's nonappearance so they can take immediate steps to apprehend the fugitive.

According to a report prepared for the Senate Committee on Public Safety the amendment was necessary "to make the return of fleeing defendants swifter and easier. The longer a defendant remains at large, the greater the odds that he or she may commit other crimes, thereby putting the public at risk."[10] The Legislature determined open and public declarations of bail forfeitures addressed this problem. Rather than waiting days or weeks to receive written notice of bail forfeiture, the Legislature concluded notice of a bail forfeiture simultaneous with an unexcused absence of a defendant would permit sureties and their agents to immediately pursue the fugitive, which in turn would increase public safety.

A summary of the bill prepared for the Assembly Committee on Public Safety explained: "If a defendant fails to appear at a scheduled court appearance, existing law requires that the court order the bail forfeited and

---

open court); *People v. Topa In. Co.* (1996) 42 Cal.App.4th 566, 568 [49 Cal.Rptr.2d 506] ("The Legislature certainly knows how to require on-the-record statements by the court. [Citation.] And nothing in [the then] current language of Penal Code section 1305 suggests an on-the-record pronouncement of forfeiture is necessary."); cf. *People v. Ranger Ins. Co.* (1999) 76 Cal.App.4th 326, 330-331 [90 Cal.Rptr.2d 320] (the 1999 amendment imposing "an additional procedure to establish a bail bond forfeiture" did not apply retroactively to render invalid a court's failure to declare forfeiture of a bond in open court which occurred prior to the effective date of the amendment).

[8]Italics added.

[9]*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610] (normal presumption is the word "shall" imposes a mandatory statutory directive, while "may" is permissive); see also Webster's Third New International Dictionary (1993) page 2085 ("Shall" when "used in laws, regulations, or directives . . . express[es] what is mandatory.").

[10]Senate Committee on Public Safety, Analysis of Assembly Bill No. 2083 (1997-1998 Reg. Sess.) June 23, 1998.

the bail agent or surety notified within 30 days. *This bill requires that the declaration of forfeiture be made in open court at the time the defendant fails to appear and a bench warrant is issued.* This is a minor technical change to existing law and only requires the court to openly order forfeiture of the bail—the rationale being that the bail agent receives notice of the forfeiture at the time, rather than when the notice is sent and is able to immediately pursue the fugitive. Despite Judicial Council's objection, *this requirement places an insignificant burden on the court as it only requires the court to state 'bail is forfeited'.* It is a better practice to openly declare the forfeiture (most courts already follow this procedure) and do the same thing in respect to an exoneration of bail when a defendant is returned to court after the issuance of a bench warrant."[11]

The value of providing prompt notice to sureties and their agents was long ago recognized by our state's highest court. "There are sound reasons, . . . implicit in the pertinent statutory provisions for holding that a forfeiture of a bail bond, where required, must be timely declared. . . . If a surety is to be afforded the protections provided by these provisions he must be advised at an early date of the fact of the forfeiture in order that he many institute procedures to locate and compel the appearance of the bailee. Should the surety not have an early opportunity to institute these endeavors the possibility of discharging the forfeiture will be severely prejudiced, and it is manifest that he will suffer such prejudice whether there is an undue delay in advising him after the declaration of a forfeiture or a delay in making the declaration itself."[12]

The 1998 amendment is an extension of this policy. It ensures timely notice by expressly requiring courts to make an unequivocal declaration of bail forfeiture on the record the very moment the court concludes the defendant has failed to appear without sufficient excuse. This is turn furthers the amendment's purpose of providing timely notice and quickly apprehending fugitives.

■ The trial court in the present case failed to comply with the statutory requirements. *It did not declare the bail forfeited in open court.* At a recess the court clerk inquired whether bail was revoked as well as forfeited. In its off-the-record discussion with the clerk the court agreed bail should be forfeited. The court did not recall the case to declare the bail

---

[11]Assembly Committee on Public Safety, Analysis of Assembly Bill No. 2083 (1997-1998 Reg. Sess.) May 5, 1998, pages 2-3, italics added.

[12]*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].

forfeited in open court as it could have done. Instead, during a recess in the proceedings it directed the clerk to enter a forfeiture on the minutes. The trial court candidly acknowledged at the hearing on National's request to vacate the bail forfeiture, "the transcript reflects that there was no forfeiture of the bail."

The People argue the court's statement "bail is revoked" could logically in this instance include forfeiture. They point out the only instance in which a court may declare a forfeiture is when a defendant fails to appear, and the only fact before the court was the fact of the defendant's nonappearance. The People contrast this situation with those in which the defendant commits a new crime while out on bail, thus warranting revocation of bail, as distinguished from forfeiture due to an unexcused nonappearance. They distinguish the present case from the situation in *People v. Stuyvesant Ins. Co.*[13] where it was clear the trial court had ordered the defendant's bail status revoked rather than forfeited based on information the defendant had shot three persons while out on bail.[14] Thus the People argue the court's declaration of revocation should be considered synonymous with forfeiture in this case.

We are not persuaded the trial court simply misspoke. Revocation of bail and forfeiture of bail have distinct legal meanings. "Forfeiture of bail" can only occur in one circumstance—when a defendant fails to appear at a scheduled court appearance without sufficient excuse. Bail in this context refers to the money or other property provided to secure the defendant's release from custody and assure his presence in court. It affects the surety and the persons who have supplied the underlying funding for the bond. "Revocation of bail," by contrast, relates to a defendant's status and freedom from custody. A court may order bail status revoked for any number of reasons, and all without ordering bail forfeit, e.g., new information regarding his flight risk, commission of new crimes, additional crimes charged, or the like.

Moreover, a person charged with a felony who willfully fails to appear as required after release on bail is chargeable with the entirely new and distinct felony offense of evading the court's process.[15] Thus the defendant's nonappearance is a crime in and of itself, which may alone be sufficient to

---

[13]*People v. Stuyvesant Ins. Co.* (1968) 261 Cal.App.2d 773 [68 Cal.Rptr. 389].

[14]*People v. Stuyvesant Ins. Co., supra,* 261 Cal.App.2d 773, 776-777.

[15]Section 1320.5; *People v. Wesley* (1988) 198 Cal.App.3d 519, 522 [243 Cal.Rptr. 785] (to convict, the defendant's failure to appear must be with the intent to evade process); *People v. Jimenez* (1995) 38 Cal.App.4th 795, 798 [45 Cal.Rptr.2d 466] (a specific court order to appear for a particular proceeding is not required for a conviction for the willful failure to appear).

justify a court in revoking a defendant's bail status—without also requiring the defendant to commit an additional crime while on bail as the People's argument suggests. It is very possible the trial court in the present case did precisely what it intended to do in the circumstances—i.e., to revoke the defendant's bail status for his failure to appear as scheduled.

The People next argue it is obvious the trial court intended to declare a forfeiture because it "clarified [its] ruling during a recess." The People request this court to construe the "ambiguity" in the court's actions in favor of its intention as reflected instead in the clerk's minute order for the day stating bail is forfeited.[16]

As an initial matter we find nothing ambiguous about the court's pronouncement in open court. It ordered the defendant's bail status revoked and issued a bench warrant. The record is silent regarding forfeiture of the bond. Indeed, as noted, the trial court found no ambiguity but instead acknowledged it had *not* declared bail forfeited when the defendant failed to appear. Moreover, to accept the People's argument would be to ignore the statutory language prescribing the procedure for declaring bail forfeitures. It asks us to hold a trial court's silent intention, expressed to a court employee, and during a recess when court was not in session, satisfies the requirements of section 1305, subdivision (a) mandating bail forfeitures be declared in open court. No rule of statutory interpretation of which we are aware would permit this construction.

Next the People claim a trial court has the power to make new and different orders provided it does so prior to the time the clerk enters the order in the "permanent minutes." Accordingly, they urge this court to find the clerk's minutes for the day reflect the true orders of the court. In support of their argument the People cite the decision in *People v. Surety Ins. Co.*[17] In *Surety*, the court in fact declared bail forfeited when the defendant failed to appear at a 9:00 a.m. trial conference without sufficient excuse. When the defendant appeared later the same day the trial court vacated the forfeiture and reinstated the bond.[18] The clerk of the court did not notify the surety the defendant had been tardy for his court appointment. The defendant failed to appear for the continued trial conference. Again the court ordered bail forfeited and issued a bench warrant. The clerk mailed notice of the forfeiture to the surety and its agent. The surety moved to set aside the forfeiture,

[16]Citing *People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 76 [285 Cal.Rptr. 575] (ambiguity in the judgment authorized the appellate court to examine the entire record to discern the judgment's intended meaning and effect).

[17]*People v. Surety Ins. Co.* (1983) 148 Cal.App.3d 351 [195 Cal.Rptr. 876].

[18]*People v. Surety Ins. Co., supra*, 148 Cal.App.3d 351, 354.

contending the controlling statutes provided no authority to reinstate the bond without notice to the surety and thus the court lost jurisdiction to declare a forfeiture at the later date.[19] The trial court denied its motion. The appellate court affirmed. The court held until the court's order is entered in the permanent minutes for the day, a court has discretion to excuse a defendant's late appearance and reinstate bail as if it had never been forfeited and may do so without notifying the surety.[20]

The decision in *Surety* is inapposite. It does not discuss the requirements for declaring bail forfeited. Most importantly, contrary to what the People would have us believe, it does not stand for the proposition a trial court's failure to declare bail forfeited in open court may be cured by a similar recitation in the court's minutes. Accordingly, the People's reliance on this decision is misplaced.

The question then is the consequence of the trial court's failure to declare the bail forfeited in open court as the express terms of the amended statute require.

II. *The Trial Court Lost Jurisdiction to Declare a Forfeiture of the Bond by Failing to Declare the Forfeiture in Open Court as Required by Section 1305, Subdivision (a).*

 National contends the bond must be exonerated as a matter of law because of the trial court's failure to comply with the requirements of section 1305, subdivision (a) for declaring forfeiture of a bond.

 In reviewing the applicable bail statute we are mindful of the general rules governing the interpretation of bail bond statutes: " ' "The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. . . . Thus, Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture." [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.' . . . Sections 1305 and 1306 are said to be 'jurisdictional prescriptions.' . . . 'Failure to follow the

[19]*People v. Surety Ins. Co., supra,* 148 Cal.App.3d 351, 353-354.
[20]*People v. Surety Ins. Co., supra,* 148 Cal.App.3d 351, 357.

jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void. . . .' "[21]

█ The People argue the statutory requirement of declaring bail forfeited in open court is not jurisdictional because in amending section 1305, subdivision (a) the Legislature did not expressly state failure to declare forfeiture in open court resulted in exoneration of the bail.

It is true several statutory provisions regarding bail bonds expressly provide for exoneration of bail in the event of less than precise compliance with the statutory mandates.[22] However, it is also true technical violations of other provisions of the bail statutes have nevertheless been held to be jurisdiction-defeating errors even in the absence of express language directing exoneration of bail for these violations.[23]

An example of this latter type of technical violation is closely analogous to the type of omission which occurred in this case. █ To recall, under section 1305, subdivision (a) the court must declare bail forfeited in the event a defendant fails to appear for a scheduled court appearance "without sufficient excuse." The statute has no provision specifying bail is exonerated in the event the trial court fails to articulate a "sufficient excuse" on the record when declining or neglecting to declare a forfeiture due to the

---

[21]*People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 805 [110 Cal.Rptr.2d 799], citations omitted; see also *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263] (in interpreting statutes involving bail bonds, "[i]t is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction.").

[22]See, e.g., *People v. American Contractors Indemnity Co., supra,* 91 Cal.App.4th 799 (if notice of forfeiture is not mailed within the statutory 30 days after forfeiture, § 1305, subd. (b) provides the surety will be released from all obligations under the bond); cf. *People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379 [59 Cal.Rptr.2d 777] (notice of forfeiture mailed to the wrong bail bondsman did not require exoneration of the bond because the correct bail bondsman received actual notice within the required statutory 30-day period); *People v. American Contractors Indemnity Co.* (1999) 76 Cal.App.4th 1408 [91 Cal.Rptr.2d 301] (Legislature amended § 980, subd. (b) to provide for exoneration of the bond if the clerk's failure to enter a bench warrant into the system prevented the fugitive from being arrested or taken into custody); *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 301 [38 Cal.Rptr.2d 167] (where last day to enter summary judgment was August 10, summary judgment entered on September 27 was in excess of jurisdiction requiring exoneration of the bond under § 1306, subd. (b)).

[23]See, e.g., *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294 [100 Cal.Rptr.2d 433] (summary judgment granting forfeiture was void because it was not signed by the judge but instead by the clerk of the court); *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 28 [211 Cal.Rptr. 204] (court's failure to declare a forfeiture on the date the defendant first failed to appear without sufficient excuse deprived the court of jurisdiction to declare a forfeiture at a later date).

defendant's nonappearance. Nevertheless, case law holds the requirement of stating reasons on the record in this circumstance is jurisdictional and the court loses jurisdiction to later declare a forfeiture in the event of a defendant's subsequent nonappearance.

For example, in *People v. United Bonding Ins. Co.*[24] the defendant failed to appear on a date scheduled for pretrial motions. Counsel informed the court the defendant's whereabouts were unknown and that he might have fled the jurisdiction. The court issued a bench warrant for his arrest but did not order forfeiture of bail.[25] The defendant also failed to appear for trial several months later. The court then ordered bail forfeited and notified the surety and its agent.[26]

The Supreme Court held the trial court had lost jurisdiction to later declare the forfeiture having failed to exercise its right when the defendant first failed to appear without a sufficient excuse. "The language of the statute directs that the court 'must thereupon' declare the forfeiture when a defendant's nonappearance is 'without sufficient excuse,' and when it conclusively appears that there is no excuse as, for example, when the defendant has fled, the statute compels an immediate declaration. . . . [¶] It follows from the foregoing that the court's failure to declare a forfeiture upon a nonappearance without sufficient excuse, either where no excuse is offered or where the finding of an excuse constitutes an abuse of discretion, deprives the court of jurisdiction to later declare a forfeiture. Court minutes which fail to disclose that the court has expressly excused a nonappearance on a record which is silent as to a defendant's reasons therefor, will require a reviewing court to conclude that a nonappearance was without sufficient excuse and that the right to declare a forfeiture not having been exercised was foreclosed. An excused nonappearance, accordingly, should be expressly reflected in the minutes."[27] Accordingly, the court found the order of forfeiture a nullity and directed the trial court to vacate the forfeiture and exonerate the bond.[28]

Another example is found in *People v. Frontier Pacific Ins. Co.*[29] In that case, "sufficient excuse" for the defendant's nonappearance was apparently discussed in chambers. However, the trial court failed to articulate its

---

[24]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898.

[25]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 902.

[26]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 903.

[27]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 906-907. The holding and directives of the high court's decision are embodied in section 1305.1.

[28]*People v. United Bonding Ins. Co., supra,* 5 Cal.3d 898, 908-909.

[29]*People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889 [74 Cal.Rptr.2d 316].

findings of sufficient excuse on the record. Nothing in either the reporter's transcript or the minutes supplied any evidence of sufficient excuse for the defendant's failure to appear. The appellate court found the court's failure to make a record deprived the court of jurisdiction to declare a forfeiture at a later date, despite its probable initial finding of sufficient excuse. "The district attorney's belated explanation for a silent record does not alter our view. Even if we take the deputy district attorney's declaration as something more than mere speculation, the declaration fails to explain why the court did not merely state, either on the record or in the minutes, that as a result of an in camera conference, it had reason to believe that sufficient excuse existed for [the defendant's] failure to appear."[30] Accordingly, the court held where the record of the actual proceedings fails to disclose the court found sufficient excuse for the defendant's nonappearance, the court loses jurisdiction to later declare a forfeiture of bail.[31]

 The reasoning of these decisions finding technical violations of section 1305 jurisdiction defeating error is equally applicable here. Similar to the situation in *Frontier*, the facts before the trial court in this case justified a declaration of forfeiture. However, as in *Frontier*, the trial court neglected to state its intention on the record, which deprived the court of jurisdiction to later declare a forfeiture. Also, similar to the situation in *United Bonding,* the intended action of the trial court was invalid because it failed to make the necessary findings on the record. The failure to make the required findings on the record in those cases is indistinguishable from the court's failure in the present case to declare the bail forfeited "in open court" as compelled by the statutory language. Accordingly, the result should be the same as well. As directed by our Supreme Court " 'where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction. . . .' "[32]

Following this directive, and the dictates of strict construction of bail forfeiture statutes as we must, we conclude the trial court's failure to expressly state bail is forfeited in open court as mandated by section 1305, subdivision (a) resulted in the court losing jurisdiction to later attempt to forfeit the bail by simply noting it in the minutes.[33] Accordingly, we reverse

---

[30]*People v. Frontier Pacific Ins. Co., supra*, 63 Cal.App.4th 889, 895-896.

[31]*People v. Frontier Pacific Ins. Co., supra*, 63 Cal.App.4th 889, 891.

[32]*People v. Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915], citation omitted.

[33]The People assert National must have understood bail had been forfeited because it never raised the issue at either of the subsequent hearings when it requested extensions of time. The

the court's order and remand with directions to the trial court to vacate the forfeiture and exonerate the bond.[34]

## DISPOSITION

The order is reversed and the cause remanded to the trial court with directions to vacate the forfeiture and exonerate the bond. National shall recover its costs of appeal.

Lillie, P. J., and Woods, J., concurred.

---

People suggest this apparent lack of prejudice justifies affirmance of the court's order. We cannot agree. Nothing in the bail statutes authorizes a court to consider prejudice in deciding whether a violation of section 1305 results in an exoneration of bail. As the court in *People v. American Contractors Indemnity Co.* noted, "authorities make clear, the statutory [require-ments] of sections 1305 and 1306 are considered inviolable and do not depend on whether or not a party has suffered prejudice. No basis exists to depart from this well-established pattern by creating an exception" when the trial court fails to provide the statutorily mandated notice by declaring bail forfeited in open court. (*People v. American Contractors Indemnity Co., supra,* 91 Cal.App.4th 799, 810.)

[34]If our interpretation of the 1998 amendment to section 1305, subdivision (a) is not what the Legislature intended, it should clarify the statute accordingly. (See *Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 748-749 [110 Cal.Rptr.2d 828, 28 P.3d 876].)