[No. B166906. Second Dist., Div. Eight. Dec. 30, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
AMWEST SURETY INSURANCE COMPANY, Defendant and Appellant.

---

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Gary N. Miller, Assistant County Counsel and Elizabeth D. Miller, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

BOLAND, J.—

## SUMMARY

When the trial court fails to declare a bail bond forfeited on the record in open court, the bond is exonerated and the court loses jurisdiction over the bond. The court's later entry of summary judgment on the bond is void, not merely voidable, and is subject to collateral attack at any time. These principles require reversal of the trial court's order refusing to set aside the summary judgment entered in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 1999, Amwest Surety Insurance Company issued a $30,000 bail bond to secure the release of Julio Cesar Hernandez, a criminal defendant. On May 18, 1999, Hernandez failed to appear in court. The record does not demonstrate that the trial court declared bail forfeited in open court, as required by Penal Code section 1305, subdivision (a).[1] However, a bench warrant was issued, and the clerk's minutes for the day state, "Bail ordered forfeited." The clerk mailed notice of the forfeiture to the surety and the bail agent on June 2, 1999.

The surety filed a motion to extend the 180-day statutory "appearance" period, within which a surety may produce the accused in court or demonstrate other circumstances requiring the court to vacate the forfeiture.[2] The trial court extended the appearance period to June 14, 2000. The surety did not produce the accused or otherwise seek to vacate the forfeiture, and on September 12, 2000, the trial court ordered summary judgment entered against Amwest. The judgment required the surety to pay the principal sum of

---

[1] All statutory references are to the Penal Code.

[2] "When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (§ 1305, subd. (a).) The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305. subd. (c)(1).)" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658, fn. omitted [16 Cal.Rptr.3d 76, 93 P.3d 1020] (*American Contractors*).) "After the appearance period expires, the trial court has 90 days to enter summary judgment on the bond. (§ 1306, subds. (a), (c).) If summary judgment is not entered within the statutory 90-day period, the bond is exonerated." (*American Contractors, supra,* 33 Cal.4th at p. 658, fns. omitted.)

the bond, together with interest and costs, to the County of Los Angeles. Amwest filed no appeal from the judgment.

More than two years later, on December 12, 2002, Amwest filed a motion to set aside the summary judgment, discharge the forfeiture and exonerate bail, on the ground the trial court lacked jurisdiction to enter a summary judgment. Amwest pointed out that section 1305, subdivision (a), provides the court "shall in open court declare forfeited the undertaking of bail" and the court failed to do so. As a result, the court "lost jurisdiction over the bond" and the subsequent summary judgment was void. The County of Los Angeles opposed the motion, arguing the judgment was not void and Amwest's motion was untimely. The failure to declare the forfeiture in open court, the County contended, was merely an act in excess of the court's jurisdiction, resulting in a judgment that was voidable, not void, thus requiring a timely challenge.

The trial court denied Amwest's motion, and Amwest filed a notice of appeal.

## DISCUSSION

■ We conclude the trial court's failure to declare a forfeiture in open court, as mandated by section 1305, subdivision (a), resulted in the court's loss of jurisdiction over the bail bond.[3] Because the court did not have fundamental jurisdiction when it entered the summary judgment, the judgment was necessarily void, and subject to collateral attack at any time. This conclusion is compelled under the authorities holding that a failure to declare a bail bond forfeited in open court exonerates the bond (*People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 280 [119 Cal.Rptr.2d 746] (*National Automobile*), and under principles described by the Supreme Court in *American Contractors, supra,* 33 Cal.4th at pp. 660–663, distinguishing between judgments that are void and those that are voidable. We turn now to those authorities.[4]

---

[3] In view of our conclusion, we need not consider the surety's arguments that the summary judgment was void because of late entry, or that the surety was released from its obligations two years after the entry of summary judgment.

[4] In its brief, the County states it "will assume, without conceding, that the trial court did not declare the forfeiture in open court as required by § 1305(a)." The County's assumption is supported by the transcript of the May 18, 1999 proceedings, attached to Amwest's request for judicial notice below. The trial court's minute order denying Amwest's motion to set aside the summary judgment points out that the transcript Amwest provided carried a case number, NA 028756, which was not Hernandez's case number. The case number on the transcript apparently applied to another defendant; the court's minutes of April 29, 1999 contain a reference to that number for a probation violation case and a notation that the clerk's office was ordered "to split file forthwith." However, while the transcript shows the wrong case

In *National Automobile,* the trial court failed to comply with the statutory requirement that "[a] court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail" if a defendant fails to appear without sufficient excuse. (§ 1305, subd. (a).) "Instead, during a recess in the proceedings [the court] directed the clerk to enter a forfeiture on the minutes." (*National Automobile, supra,* 98 Cal.App.4th at p. 285.) The Court of Appeal concluded that the trial court's failure to state its intention on the record "deprived the court of jurisdiction to later declare a forfeiture." (*Id.* at p. 290.) Specifically: "Following . . . the dictates of strict construction of bail forfeiture statutes as we must, we conclude the trial court's failure to expressly state bail is forfeited in open court as mandated by section 1305, subdivision (a) resulted in the court losing jurisdiction to later attempt to forfeit the bail by simply noting it in the minutes. Accordingly, we reverse the court's order and remand with directions to the trial court to vacate the forfeiture and exonerate the bond." (*Id.* at pp. 290–291, fns. omitted; see also *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385] ["court's failure to declare a forfeiture upon a nonappearance without sufficient excuse . . . deprives the court of jurisdiction to later declare a forfeiture"]; *People v. Frontier Pacific Ins. Co.* (1998) 63 Cal.App.4th 889, 891 [74 Cal.Rptr.2d 316] [where the record of the actual proceedings fails to disclose that the court found sufficient excuse for the defendant's nonappearance, the court loses jurisdiction to later declare a forfeiture of bail].)

In *National Automobile,* the surety's motion to vacate the forfeiture was filed timely during the appearance period, and the case therefore does not address the question presented here: whether the court's failure to declare the bond forfeited in open court thereafter deprived it of fundamental jurisdiction over the bail bond, such that the subsequent summary judgment was void, or whether the judgment was merely an act in excess of jurisdiction and voidable only if timely challenged. For enlightenment on this point we turn to *American Contractors, supra,* 33 Cal.4th 653.

In *American Contractors,* the trial court entered summary judgment against the surety on a bail bond one day before the expiration of the 185-day appearance period, that is, one day prematurely. The issues presented to the Supreme Court were "whether a summary judgment entered on the last day of the appearance period, or one day prematurely, is void or merely voidable," and whether the surety could collaterally attack the premature judgment 11 months after its entry. (*American Contractors, supra,* 33 Cal.4th at

number, the proceedings clearly involved Julio Cesar Hernandez, the criminal defendant for whom the bond was issued; the transcript shows the court calling the Hernandez case, and asking whether Mr. Hernandez was present. After receiving no response, the court stated: "There being no appearance at 10:30, bench warrant issued." The transcript contains no statement that bail was forfeited.

p. 657.) The court concluded the premature summary judgment was voidable, and not void. "Thus, while it was subject to correction by appeal or a timely motion to vacate the judgment," there was "no basis . . . to set it aside by collateral attack once it was final." (*Ibid.*)

*American Contractors* explained the two types of jurisdictional errors, as follows:

■  " 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' " (*American Contractors, supra*, 33 Cal.4th at p. 660, quoting *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942] (*Abelleira*).) "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' " (*American Contractors, supra*, 33 Cal.4th at p. 660, quoting *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119 [101 Cal.Rptr. 745] (*Barquis*).)

■  The second type of jurisdictional error occurs when the court has jurisdiction over the subject matter and the parties in the fundamental sense, but " 'it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' " (*American Contractors, supra*, 33 Cal.4th at p. 661, quoting *Abelleira, supra*, 17 Cal.2d at p. 288.) "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. . . . Errors which are merely in excess of jurisdiction should be challenged directly . . . and are generally not subject to collateral attack once the judgment is final . . . ." (*American Contractors, supra*, 33 Cal.4th at p. 661.)

In *American Contractors*, the premature judgment was voidable, not void, because the trial court had jurisdiction over the bond when it prematurely entered summary judgment: "Here, the bond had been forfeited, and the matter was under the court's jurisdiction for the 185-day period the surety has to move to set aside the forfeiture. That the court may have failed to follow the procedural requirements to enter judgment properly did not affect the court's statutory control and jurisdiction over the bond. Indeed, [the surety] concedes the court had subject matter jurisdiction at the time it prematurely entered summary judgment." (*American Contractors, supra*, 33 Cal.4th at p. 662.) The court quoted approvingly the People's observation: " 'Here, the trial court retained fundamental jurisdiction at the time it entered summary judgment. Under the Penal Code, a court has jurisdiction over a bail bond from the point that it is issued until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture.' " (*Id.* at p. 663.)

Consequently, "[t]he trial court's erroneous entry of summary judgment on the 185th instead of the 186th day did not deprive the court of jurisdiction over the subject matter of the bail bond forfeiture or personal jurisdiction over the surety, and thus the premature entry of summary judgment was voidable, not void." (*Ibid.*)

The circumstances in the case under review are fundamentally different from those in *American Contractors* and, under the principles explained in that case, require the conclusion the trial court did not have fundamental jurisdiction over the subject matter at the time it entered summary judgment. When the trial court failed to declare bail forfeited in open court, no forfeiture occurred, the bond was exonerated, and the court no longer had jurisdiction to declare a forfeiture. (*National Automobile, supra*, 98 Cal.App.4th at pp. 280, 290.) In short, the court thereafter had nothing upon which to act, and therefore lacked subject matter jurisdiction; it no longer had "statutory control and jurisdiction over the bond." (*American Contractors, supra*, 33 Cal.4th at p. 662.) The contrasts between this case and *American Contractors* demonstrate the point.

In *American Contractors*, the bond had been forfeited, and the matter was under the trial court's jurisdiction for the appearance period. In this case, there was no forfeiture of the bond, no appearance period during which the court retained jurisdiction over the bond, and no bond upon which the court could enter a summary judgment. In *American Contractors*, the trial court erroneously entered summary judgment during the appearance period, while it still had "jurisdiction over the subject matter of the bail bond forfeiture [and] personal jurisdiction over the surety . . . ." (*American Contractors, supra*, 33 Cal.4th at p. 663.) In this case, the trial court entered summary judgment after it no longer had the power or "fundamental jurisdiction" to act on the subject matter—the bond—because the bond was exonerated by its failure to declare a forfeiture in open court.[5]

---

[5] The Supreme Court observed that "we look first to the language of the statute" in determining whether the summary judgment was void or voidable. (*American Contractors, supra*, 33 Cal.4th at p. 661.) In that case, no statutory provision declared that the surety was released from its obligation if a judgment were entered prematurely. By contrast, the Court pointed out several statutory provisions expressly releasing the surety from all obligations under the bond if specified conditions apply, such as where the clerk fails to mail the notice of forfeiture in accordance with the statute. (§ 1305, subd. (b).) In this case, the statute does not expressly state the surety is released from its obligations if the court does not declare a forfeiture in open court. Nonetheless, that conclusion necessarily follows, both from *National Automobile*, which held such a failure "deprived the court of jurisdiction to later declare a forfeiture" (*National Automobile, supra*, 98 Cal.App.4th at p. 290), and from *American Contractors*, which approved the observation that under the Penal Code, the court has jurisdiction over a bail bond from the time it is issued until it is exonerated. (*American Contractors, supra*, 33 Cal.4th at p. 663.) Here, the bond was exonerated when the trial court failed to declare it forfeited. (*National Automobile, supra*, 98 Cal.App.4th at p. 280.)

In sum, the trial court, after it failed to declare a forfeiture in open court, no longer retained "statutory control and jurisdiction over the bond" (*American Contractors, supra*, 33 Cal.4th at p. 662), which was exonerated by operation of law. Consequently, the court's ensuing judgment was void, and " 'thus vulnerable to direct or collateral attack at any time.' " (*American Contractors, supra*, 33 Cal.4th at p. 660, quoting *Barquis, supra*, 7 Cal.3d at p. 119.)

## DISPOSITION

The order of February 11, 2003, denying the surety's motion to set aside the September 12, 2000 order entering summary judgment on the bond, is reversed and the cause is remanded with directions to the trial court to vacate its order and enter a new order granting the motion and discharging the forfeiture. Amwest Surety Insurance Company is entitled to recover its costs on appeal.

Cooper, P. J., and Rubin, J., concurred.