Filed 3/15/24  P. v. The North River Insurance Company CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER INSURANCE COMPANY,<br><br>    Defendant and Appellant,<br><br>BAD BOYS BAIL BONDS,<br><br>    Real Party in Interest and Appellant. | D081654<br><br><br>    (Super. Ct. No. 37-2022-00042770-CU-EN-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Maureen F. Hallahan and Laura W. Halgren, Judges.  Affirmed.

Jefferson T. Stamp for Defendant and Appellant and Real Party in Interest and Appellant.

Claudia G. Silva, County Counsel, and B. George Seikaly, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

Bad Boys Bail Bonds (Bail Agent) and The North River Insurance Company (Surety) posted two bail bonds guaranteeing a criminal defendant's court appearances.  On appeal, they contest the trial court's denial of their motion to vacate the forfeiture of one of those bonds and the subsequent summary judgment on that bond.  We resolve this matter by memorandum opinion and affirm.  (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

## I.

At the defendant's March 2021 arraignment, the court ordered him to appear at an April preliminary hearing.  The bond at issue was executed several weeks later and required the defendant to appear at the April hearing.

At the April hearing, the court accepted defense counsel's appearance under Penal Code section 977 on her client's behalf.  At defense counsel's request, the court continued the preliminary hearing and set a May readiness hearing.  The court acknowledged defense counsel had section "977 authority," and counsel agreed.  In the minutes, checkboxes reflect the defendant was "not present," rather than "failed to appear," and he was ordered to appear for the May hearing.

At the May hearing, the court declared the "bond is forfeited" since "[t]he defendant was ordered to be here today . . . and . . . he's not here."  The minutes reflect the defendant was "not present" and "failed to appear."

Bail Agent moved to vacate the forfeiture of the bond, claiming that, as relevant here, because the defendant failed to appear at the April hearing and no sufficient excuse was offered for his nonappearance, the trial court lost jurisdiction over the bond when it failed to declare forfeiture at that time.

The People opposed. The trial court denied the motion, reasoning: "The defense counsel appeared [under section] 977, and . . . under the Emergency Rule[s Related to COVID-19] and Penal Code [section] 977, the [c]ourt accepted that representation and was not, in my view, under obligation to, on that date, forfeit the bond." The trial court subsequently issued a summary judgment on the forfeiture of the bail bond.

## II.

Bail Agent and Surety challenge the trial court's denial of the motion to vacate and the subsequent summary judgment on the same ground raised in the trial court. For the reasons below, we disagree with Bail Agent and Surety's premise that the defendant failed to appear at the April hearing.

## A.

Generally, "[a] court shall in open court declare forfeited" a bail bond "if, without sufficient excuse, a defendant fails to appear" for a proceeding at which "the defendant's presence in court is lawfully required." (Pen. Code, § 1305, subd. (a)(1)(D).) A court that fails to declare forfeiture in accordance with section 1305 loses jurisdiction over the bail bond, which in turn is "exonerated by operation of law." (*People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547, 554.)

Penal Code section 977 sets forth the general requirements as to when a criminal defendant is required to appear in court. At the time of the hearings at issue, the defendant was required to "be personally present . . . during the preliminary hearing" and "at all other proceedings unless he or she . . . execute[s] . . . a written waiver of his or her right to be personally present." (Former Pen. Code, § 977, subd. (b)(1).)

On April 6, 2020, however, after the COVID-19 pandemic precipitated a state of emergency, the Judicial Council of California drafted and adopted, as

3

ordered by the governor, the Emergency Rules Related to COVID-19 to keep the courts functioning during unprecedented lockdowns. (See Cal. Rules of Court, appendix I, Emergency Rules Related to COVID-19 (Rules); see also *E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 54-55 (*E.P.*).) "Personal appearance waivers of defendants during [the] health emergency" applied "[n]otwithstanding any other law, including Penal Code section[ ] . . . 977," except in circumstances not relevant here. (Rules, emergency rule 5(a) (Rule 5).) Rule 5 provided "the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf." (Rule 5(b)(2).)

Although forfeiture is disfavored, the surety bears the burden of showing a bail forfeiture should be set aside. (*People v. American Surety Ins. Co.* (2001) 88 Cal.App.4th 762, 768.) We review the denial of a motion to set aside a bail forfeiture for abuse of discretion. (*People v. Lexington National Ins. Corp.* (2016) 1 Cal.App.5th 1144, 1147.) Under this standard, we review the trial court's findings of fact for substantial evidence, its conclusions of law de novo, and its application of the law to the facts for an abuse of discretion. (*County of Yolo v. American Surety Co.* (2019) 43 Cal.App.5th 520, 524.)

B.

Bail Agent and Surety's argument depends entirely on their view that the defendant failed to appear at the April hearing, as the bond forfeiture procedure set forth in section 1305 applies only when a defendant "fails to appear." (Pen. Code, § 1305, subd. (a)(1).) But we agree with the People that the criminal defendant appeared through his counsel at the April hearing as allowed by Rule 5.

Rule 5 by its own terms applies "[n]otwithstanding any other law, including Penal Code section[ ] . . . 977." (Rule 5(a).) The rule was in effect

4

at the time of the April hearing.  (Rule 5(f).)  Accordingly, we are unpersuaded by Bail Agent and Surety's argument that the defendant's appearance through counsel for the April preliminary hearing contravened section 977, subdivision (b)(1)'s requirement of in-person appearances at such hearings.  During the hearing, and as memorialized in the minutes, the court accepted defense counsel's statement that she was appearing on her client's behalf under section 977, implicitly as expanded by Rule 5, and defense counsel acknowledged she had "authority" to act on the defendant's behalf.  According to the minutes, the defendant was "not present" but did not "fail[ ] to appear."  On this record, the trial court did not abuse its discretion in concluding the defendant appeared and not declaring the bond forfeited.

Bail Agent and Surety advance several arguments why, in their view, Rule 5 is inapplicable here.  They claim "[i]t is well established that an order mandating a personal appearance overrides any statutory right to appear through counsel."  Bail Agent and Surety thus argue Rule 5 does not supersede the trial court's March 2021 order for the defendant to appear at the April hearing and the jailer's subsequent order to appear referenced in the bond.  But both orders simply require the defendant to appear; neither mandated that the defendant appear by any specific means, including in person.  Further, at the time of these orders, Rule 5 already had expanded a defendant's right to waive his right to appear in person and instead elect to have counsel appear on his or her behalf.  (See generally Rule 5.)  Accordingly, this argument is unavailing.

Bail Agent and Surety also argue that Rule 5 is inapplicable to this civil bail bond proceeding.  Rule 5 did apply, however, to the defendant's appearances in the underlying criminal proceeding.  (See Rule 5(a).)

Finally, Bail Agent and Surety note "there was no explanation why [the defendant] could not have appeared via video connection, as he did prior to release on bail." But no such explanation was required. Rule 5 permits a defendant to appear remotely or to waive his appearance and have counsel appear on his or her behalf. (See generally Rule 5.) That the defendant appeared remotely while in custody did not create any continuing obligation to do so at subsequent hearings.

Because the defendant appeared through his counsel at the April hearing, there was no reason for his counsel or the court to reference Rule 5 as "the basis for any sufficient excuse for [the defendant]'s absence." There was no absence to be excused. Nor was there any reason for the court to reference Rule 5 in accepting defendant's appearance through counsel, given the Rules had been in use for over a year. (*E.P.*, *supra*, 59 Cal.App.5th at pp. 54-55.)

As the criminal defendant appeared at the April hearing, the court was not required to declare the bond forfeited and retained jurisdiction over the bond. The trial court thus properly declared the bond forfeited at the May hearing, at which the defendant indisputably failed to appear. (Pen. Code, § 1305, subd. (a)(1)(D).) Accordingly, we perceive no abuse of discretion on this record.

## III.

We affirm.  The People are entitled to their costs on appeal.

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.