Filed 5/29/25; Certified for Publication 6/17/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY<br>COMPANY,<br><br>　　Defendant and Appellant. | 2d Civ. No. B338852<br>(Super. Ct. No. 23CV05612)<br>(Santa Barbara County) |

　　When a criminal defendant fails to appear at a required court appearance without sufficient excuse, the trial court is required to forfeit bail at that time. The criminal court here did not forfeit bail at the defendant's initial failure to appear. The court later forfeited bail when the defendant again failed to appear. It then denied two identical motions to vacate forfeiture that raised the same issue—whether the court lost jurisdiction over the bond when it did not forfeit bail after the defendant's initial failure to appear.

　　American Surety Company (American) contends that at a

later hearing the civil court erred when it subsequently denied its motion to set aside the summary judgment against the bond on the basis that it was bound by the criminal court's prior rulings denying its motions to vacate. We agree and reverse.[1]

FACTUAL AND PROCEDURAL HISTORY

American posted a $100,000 bail bond in criminal case number 21CR05624 for Marlon Anibal Valle-Mejia (the defendant).

On June 21, 2022, the defendant appeared remotely with counsel at a hearing to set the preliminary examination. The court continued the case to July 19 for another hearing to set the preliminary examination. The court did not explicitly order the defendant to personally appear at the hearing.

The defendant did not appear on July 19. His attorney told the court the defendant appeared at the last hearing via Zoom from the attorney's office, "[s]o he knew about today's date." Counsel did not offer a reason why the defendant did not appear. Neither the attorney nor the probation department were thereafter able to contact the defendant. The probation department requested the case be continued so it could interview the defendant and prepare a "preplea" report. The prosecutor said, "Let's give him the extra week, Your Honor." The court continued the case until August 8 and issued and held a bench warrant. The court continued the bail bond without finding good cause to do so.

On August 8, counsel announced he was "appearing for the

---

[1] Because the People have not submitted a brief, we determine the appeal based on appellant's opening brief, the record on appeal, and appellant's oral argument. (Cal. Rules of Court, rule 8.220(a)(2).)

defendant [pursuant to Penal Code section] 977 today."[2]  Counsel did not offer a reason why the defendant was not personally present.  The court continued the case to August 29 to set the preliminary examination, ordered the defendant to personally appear, and continued to hold the bench warrant until that date.  The minute order states the court found good cause to continue the bail bond, but the reporter's transcript does not show the court made such a finding.

The defendant did not appear on August 29.  The court released the bench warrant and forfeited the bail bond.  The next day, the court notified American of the forfeiture.  American did not appeal the forfeiture.  Seven months later, the court granted American's motion to extend the 180-day appearance period to September 23, 2023, for it to attempt to bring the defendant to court.  (§ 1305.4.)

By early October, the defendant still had not appeared.  American filed a motion in the criminal case to vacate the forfeiture and exonerate bail.  American argued that because the criminal court did not forfeit bail when the defendant failed to appear on July 19 and August 8, the court lost jurisdiction to later order a forfeiture.  (§ 1305, subd. (a)(1)(D).)  The People filed an opposition.  On October 16, 2023, the court heard oral argument and denied the motion.  The written order did not state the basis for the decision, and there is no reporter's transcript of the hearing.  American did not appeal the order.

Eight days later, American filed a second motion to vacate the forfeiture and exonerate bail, making the same arguments and attaching the same exhibits.  The People again opposed the

---

[2] All statutory references are to the Penal Code.

3

motion.  American did not appear at the hearing.  The same criminal judge denied the motion.  Again, American did not appeal.

Notice of summary judgment against the bond was served on American on December 20 under civil case number 23CV05612.  (§ 1306, subd. (a).)  American filed a motion to set aside the summary judgment, discharge the forfeiture, and exonerate bail.  The People opposed the motion, a hearing was held, and a civil judge denied the motion based on issue preclusion (historically called collateral estoppel).

DISCUSSION

*Bail forfeiture*

American contends the court was required to forfeit bail when the defendant failed to appear without sufficient excuse on July 19, 2022.  This contention is correct.

The trial court "shall" forfeit bail when the defendant, "without sufficient excuse," fails to appear in court "if the defendant's presence in court is lawfully required."  (§ 1305, subd. (a)(1)(D).)  Instead of forfeiture, the court may continue the bond if the defendant's "appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear."  (§ 1305.1.)  "[A] record silent as to the trial court's reasons for believing there may be justification for a defendant's nonappearance will not support the court's continuance of the matter, and on collateral attack a subsequent bail forfeiture will be vacated."  (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 718; *People v. The North River Ins. Co.* (2019) 37 Cal.App.5th 784, 797.)

"For purposes of section 1305(a), a defendant's presence may be deemed 'lawfully required' when a specific court order

4

commands his or her appearance at a date and time certain [citations] or when a defendant has actual notice of a mandatory appearance—even without a court order—because he or she was present when the date and time of the appearance were set." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710.)  The defendant is required to appear at scheduled "case-related proceedings that occur in open court."  (*Id.* at p. 716 [pretrial conference]; *People v. The North River Ins. Co.*, *supra*, 37 Cal.App.5th at p. 796 [subpoenaed records hearing].)

The defendant here knew about the July 19 date but failed to appear.  No excuse was offered for his nonappearance. Because the court failed to order forfeiture at that time, American was prejudiced by being denied the opportunity to promptly "institute procedures to locate and compel the appearance of the bailee."  (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906.)  By not forfeiting bail when the defendant first failed to appear without excuse, the court lost jurisdiction to do so later.   (*Id.* at p. 907.)  The court acted without jurisdiction when it subsequently forfeited bail upon the defendant's failure to appear on August 29.

*Issue preclusion*

American contends the forfeiture and summary judgment should have been set aside and bail exonerated, and the court erred when it ruled that relitigation of this issue in the civil case was precluded by the doctrine of issue preclusion.  We again agree with American.

"Issue preclusion, . . . historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit."  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)  Issue preclusion " 'precludes relitigation of

issues argued and decided in prior proceedings.' [Citation.] The doctrine applies 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943.)

The requirements for issue preclusion are present here. But the doctrine does not apply where the court that made the earlier ruling " 'lacked subject matter jurisdiction or jurisdiction over the parties. Subject matter jurisdiction "relates to the inherent authority of the court involved to deal with the case or matter before it." ' " (*Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1269.) In contrast, where the court "only *exceeded* its jurisdiction by ruling incorrectly . . . that error does not preclude the application of collateral estoppel, for 'collateral estoppel may apply even where the issue was wrongly decided in the first action.' " (*Id.* at p. 1270.)

The court lost fundamental jurisdiction here. (*People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547, 553.) When the defendant failed to appear on July 19 without excuse, the court was required to declare "in open court" that the bond was forfeited. (§ 1305, subd. (a).) "[T]he trial court, after it failed to declare a forfeiture in open court, no longer retained 'statutory control and jurisdiction over the bond' [citation], which was exonerated by operation of law." (*Amwest Surety*, at p. 554.) In

*Amwest Surety*, as in the present case, "the trial court entered summary judgment after it no longer had the power or 'fundamental jurisdiction' to act on the subject matter—the bond—because the bond was exonerated by its failure to declare a forfeiture in open court." (*Id.* at p. 553.) "The court's later entry of summary judgment on the bond is void, not merely voidable, and is subject to collateral attack at any time." (*Id.* at p. 549.)

Because the order forfeiting the bond was beyond the fundamental jurisdiction of the court and void, the summary judgment against the bond was also void. Issue preclusion therefore did not apply. The court was obligated to set aside the forfeiture and exonerate bail.

## DISPOSITION

The judgment is reversed. American shall recover its costs on appeal.

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

7

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Law Office of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Filed 6/17/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY COMPANY,<br><br>    Defendant and Appellant. | 2d Civ. No. B338852<br>(Super. Ct. No. 23CV05612)<br>(Santa Barbara County)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on May 29, 2025, was not certified for publication in the Official Reports. For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in judgment.

_____

GILBERT, P. J.        BALTODANO, J.        CODY, J.