[No. C060243. Third Dist. Mar. 2, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
BANKERS INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Ronald S. Erickson, County Counsel, and Robert A. Muller, Assistant County Counsel, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Appellant Bankers Insurance Company, acting through its agent Vita Bail Bonds, posted a bond on behalf of criminal defendant Luis Leon Vasquez. Vasquez failed to appear in court on January 22, 2008. The court minutes reflect that bail was ordered forfeited at that time. The reporter's transcript does not reflect a declaration of forfeiture in open court. Appellant appeals, contending that the bond was not declared forfeited in open court as statutorily required and therefore, the bond should be exonerated. We agree and shall reverse.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Appellant posted a $90,000 bail bond on behalf of Vasquez. On January 22, 2008, Vasquez failed to appear in court as ordered. The reporter's transcript[1] reflects Vasquez was not present in court, and had also failed to appear in court on a separate Yuba County case. Defense counsel stated he had had no contact with Vasquez since the previous court appearance on December 14, 2007. The court found "a willful failure to appear in both the felony and trailing misdemeanor cases and issue[d] warrants for [Vasquez's] arrest with no bail in case 1509 which is the felony and bail of 30,000 in the misdemeanor case 2582." After this statement by the court, the proceedings concluded. The reporter's transcript is certified as a full, true and correct transcript of the proceedings held on January 22, 2008.

The clerk's minutes also reflect the issuance of the no-bail warrant in the felony case and defense counsel's advisement regarding Vasquez's failure to appear in Yuba County. The clerk's minutes also have the "bail forfeited" box checked. Notice of forfeiture was mailed to the surety and the bail bond agent on January 24, 2008. The notice indicated the 185-day exoneration period would expire on July 28, 2008.

On July 22, 2008, appellant filed a motion to exonerate the bail bond, claiming the court had failed to declare the bond forfeited in open court as required by Penal Code section 1305, subdivision (a).[2] The county responded that both the notice and the proof of service of the motion were defective. On

---

[1] A reporter's transcript of each of the hearings relative to this case has not been provided; however, the reporter's transcript of the proceedings held on January 22, 2008, is attached as an exhibit to appellant's motion to exonerate the bond.

[2] Undesignated statutory references are to the Penal Code.

August 8, 2008, the motion to exonerate the bond was denied based on the defective proof of service and notice.

On August 18, 2008, appellant refiled the motion to exonerate the bond, setting the hearing date for September 12, 2008. This motion raised the same grounds as the July 22, 2008, motion, that bail had not been declared forfeited in open court. The county responded, claiming the January 22, 2008, reporter's transcript was only a *"partial* transcription" of the proceedings that day and was facially incomplete. The county also provided declarations from the court clerk and the assistant district attorney at the hearing. The court clerk declared she had no personal recollection of the hearing on January 22, 2008, and that it was her normal practice and habit not to check a box on the court minutes that bond was forfeited unless it was "actually ordered in open court by the judge." The deputy district attorney declared he had only a vague recollection of the court appearance, but had reviewed the notes he had taken in open court when the case was called. He had, among other things, written "bail forfeited" on his notes. While he could not remember the judge saying the words, he "would not have written [']bail forfeited['] unless [the] Judge . . . used the words bail forfeited in open court." A copy of the notes was also attached to the declaration.

The court entered summary judgment on September 4, 2008.

Appellant filed supplemental points and authorities to its motion, requesting the summary judgment be set aside as void for lack of jurisdiction. The county opposed this request, raising procedural flaws and seeking to have the motion stricken.

At the hearing on September 12, 2008, the court suggested the motion should be heard by a different department, as it involved the resolution of a factual issue which included a declaration filed by that department's clerk. The parties agreed.

On September 19, 2008, following argument by both parties, the court tentatively ruled that the motion to exonerate was untimely, as it was filed after the expiration of the 185-day exoneration period. The court also found even if the motion had been timely filed, the declaration of bail forfeiture was made in open court. The court then adopted the tentative ruling. Notice of appeal was filed on October 3, 2008. The order denying the motion to set aside the summary judgment was filed on November 7, 2008.

## DISCUSSION

"An order denying a motion to set aside a forfeiture is appealable. [Citations.] Also, a summary judgment not entered in accordance with the

consent given in the bond is appealable. [Citation.]" (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1382–1383 [59 Cal.Rptr.2d 777].)

Section 1305, subdivision (a), provides: "(a) A court *shall in open court* declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal." (Italics added.)

■ If a trial court fails to declare a forfeiture in open court, it "no longer retain[s] 'statutory control and jurisdiction over the bond' [citation]" and the bond is exonerated by operation of law. (*People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547, 554 [22 Cal.Rptr.3d 810].) When there is no forfeiture of the bond, there is no 185-day exoneration period and no bond upon which the court can enter a summary judgment. (*Id.* at p. 553.) The court's "failure to declare a forfeiture in open court . . . result[s] in the court's loss of jurisdiction over the bail bond." (*Id.* at p. 550.) This loss of fundamental jurisdiction renders the judgment entered void and subject to collateral attack at any time. (*Ibid.*)

We review the determination of a motion to set aside a bail forfeiture for an abuse of discretion. (*People v. Ranger Ins. Co., supra,* 51 Cal.App.4th at p. 1383.) However, trial courts exercise a limited discretion in ordering bail forfeitures. "[S]ection 1305 must be strictly and precisely followed in order to accomplish its purposes." (*Id.* at p. 1386.)

■ "It may be said that as a general rule that when . . . the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to the greater credence [citation]. Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case." (*In re Evans* (1945) 70 Cal.App.2d 213, 216 [160 P.2d 551].) Under the circumstances of this case, we find the reporter's transcript is entitled to greater credence.

The county argues that the transcript here is a "*partial* transcript" and relies on *People v. Malabag* (1997) 51 Cal.App.4th 1419 [59 Cal.Rptr.2d 847] to support its contention that such an incomplete reporter's transcript is insufficient to contradict the clerk's minutes of a proceeding. This reliance on

*Malabag* is misplaced. *Malabag* dealt with whether a criminal defendant in probation revocation proceedings had waived formal arraignment and his right to a revocation hearing. (*Id.* at pp. 1421–1422.) There was specific evidence that the reporter's transcript was incomplete, in that the transcript began in the middle of the proceedings and contained only the sentencing orders. (*Id.* at p. 1422.) It was in that context that the court found the reporter's transcript was incomplete and the clerk's transcript could be used to demonstrate that the advisements had been given. (*Id.* at p. 1423.)

In this case, there is no such apparent incompleteness in the reporter's transcript. There is nothing which suggests the reporter's transcript is in any way incomplete. Rather, with the exception of the bail forfeiture, the clerk's minutes and the reporter's transcript reflect the same information.[3] The transcript does not start in the middle of the proceedings, and the court reporter attached a certification stating that the transcription was a "full, true and correct transcript" of the proceedings. There is nothing in the record of these proceedings which suggests the court reporter was not present or did not report all of the proceedings occurring on January 22, 2008. Neither do the declarations from the clerk and the assistant district attorney present at the hearing indicate that the reporter was not present or not reporting a portion of the proceedings held in open court. We cannot find on this record that the reporter's transcript was incomplete or a "*partial* transcription."

The county also relies heavily on *People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704 [61 Cal.Rptr.3d 689, 161 P.3d 198] (*Allegheny*). The court in *Allegheny* was faced with a situation in which there was no reporter's transcript, because no court reporter was present at the forfeiture of bail proceeding. (*Id.* at p. 707.) The clerk's minutes reflected bail had been declared forfeited, but not that the declaration had been made in open court. (*Ibid.*) The court noted nothing in the record demonstrated the declaration had been made in open court, but nothing indicated it had not been made in open court. (*Id.* at p. 714.) In that specific context, the court held the clerk's minutes could suffice to show the bail forfeiture and need not expressly reflect that the declaration of forfeiture occurred in open court. (*Id.* at pp. 706, 714.)

---

[3] County counsel contends that the reporter's transcript "facially shows there had been open court discussions *prior* to the commencement of the reporter's transcription." We disagree. The reporter's transcript shows there were discussions held between the court and defense counsel prior to the proceedings commencing, in that there is a recitation of that conversation placed on the record. There is nothing in the record to suggest that those discussions were held in open court.

However, the *Allegheny* court specifically distinguished itself from cases in which a court reporter is present at the forfeiture proceedings, those proceedings are transcribed and reveal a failure to declare the forfeiture in open court. (*Allegheny, supra,* 41 Cal.4th at p. 713, fn. 4.) The opinion also makes clear, if a court reporter is present, such a declaration in open court would be reflected in the reporter's transcript, stating, "[o]f course, if a court reporter is present in the courtroom, these proceedings also eventually may be transcribed, and the court's compliance (or lack of it) with the declaration-in-open-court requirement will be evident on the face of the transcript." (*Id.* at p. 714, fn. 5.)

Thus, our case is distinguishable from *Allegheny.* We do not have a record silent on the issue of whether the declaration was made in open court. We have a record in conflict on that issue, with a reporter's transcript, which does not indicate any bail forfeiture and clerk's minutes, which do.

With the exception of the declaration of bond forfeiture, the reporter's transcript reflects everything done at the hearing that the clerk's minutes reflect. Specifically, the advisement by defense counsel that the defendant had failed to appear in court in Yuba County the previous Friday and the order of a no-bail warrant. There is no mention on the record of bail status being revoked nor is there any mention of the bond being forfeited. There is nothing in the record that suggests any of the proceedings in open court were held outside the presence of the court reporter or not reported for any reason. Under these circumstances, we find the reporter's transcript is entitled to greater weight than the clerk's minutes.

■ " '[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' " (*People v. Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220], quoting *People v. Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915].)

■ Section 1305 required the court to declare the bond forfeited on the record while court was in session. (*People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 283 [119 Cal.Rptr.2d 746].) The record reflects the court did not do so. Once the trial court failed to declare the bond forfeited in open court, the bond was exonerated by operation of law and the ensuing summary judgment was void.[4]

---

[4] In view of our conclusion, we need not consider appellant's other arguments that the summary judgment was void for premature entry.

## DISPOSITION

The order is reversed and the cause remanded to the trial court with directions to vacate the forfeiture and exonerate the bond. Bankers Insurance Company shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

Raye, J., and Cantil-Sakauye, J., concurred.