Filed 5/14/13  P. v. Western Ins. Co. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>WESTERN INSURANCE COMPANY,<br><br>  Real Party in Interest and Appellant. | 2d Civil No. B242199<br>(Super. Ct. No. 56-2012-00416263-CU-EN-VTA)<br>(Ventura County) |

Appellant Western Insurance Company appeals from a summary judgment ordering forfeiture of its $150,000 bail bond.  We reverse because the trial court did not declare, in open court, that the bond was forfeited.  (Pen. Code § 1305, subd. (a): *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 582, 588.)[1]

Appellant posted a $150,000 bail bond for Candelario Hernandez after he was charged with two counts of lewd and lascivious acts on a child (§ 288, subd. (a)) and a substantial sexual conduct enhancement (§ 1203.066, subd. (a)(8)).  Hernandez pled guilty to the charges and then fled to Mexico before the February 24, 2011 sentencing hearing.

---

[1] All statutory references are to the Penal Code.

The trial court issued a warrant for Hernandez's arrest but failed to declare the bond forfeited while court was in session. (§ 1305, subd. (a).) After the court clerk mailed a Notice of Order Forfeiting Bail, the bond period was extended to March 12, 2012.

Appellant filed a motion to toll the appearance period to facilitate Hernandez's extradition. Ventura County Counsel opposed the motion but the District Attorney agreed with appellant. The trial court denied the tolling motion, ordered the motion and portions of the record sealed, and entered summary judgment on April 30, 2012. Appellant paid the bond amount and appealed.

Respondent's counsel, in a letter brief, concedes that the trial court failed to announce forfeiture of the bail bond in open court, that the bond was exonerated by operation of law, and that the ensuing summary judgment is void. (*People v. Bankers Ins. Co., supra,* 182 Cal.App.4th at p. 589.)

The judgment is reversed and the cause remanded to the trial court with directions to vacate the forfeiture and exonerate the bond. Appellant is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1); *People v. Bankers Ins. Co., supra,* 182 Cal.App.4th at p. 589.)

NOT TO BE PUBLISHED.


                              YEGAN, J.
We concur:


        GILBERT, P.J.


        PERREN, J.


2

Vincent J. O'Neill, Judge

Superior Court County of Ventura

_____

Robert W. Hicks; Robert W. Hicks & Associates, for Appellant.

Leroy Smith, County Counsel, County of Ventura and Jaclyn Smith, Assistant Countu Counsel for Respondent.