Filed 5/9/14 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SAFETY NATIONAL CASUALTY INSURANCE CO.,<br><br>        Defendant and Appellant. | B243773<br><br>(Los Angeles County<br> Super. Ct. No. LA066432)<br><br><br>**ORDERING MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>**[There is no change in judgment]** |


GOOD CAUSE appearing, the opinion filed April 9, 2014, in the above entitled matter is hereby modified as follows:


1.      On page 2, lines 1-2, delete the phrase "forfeiting the bail bond it had posted" and replace it with "denying its motion to vacate the forfeiture of the bail bond it had posted".

2.      On page 2, line 7 of **DISCUSSION**, delete the sentence that begins "At others, it said both," and replace it with a new sentence that reads:  "At others it said neither."

3.      On page 4, line 2 from the bottom, delete "or did both" and replace it with "or did neither."

4.      On page 5, line 2, add a new sentence after the sentence that ends "on April 29" that reads as follows:  "We therefore conclude that the trial court abused its

discretion by declaring that bail was forfeited based on its previous statement that bail would stand."

[end of modifications]

No change in judgment.

Appellant's petition for rehearing is denied.

_____

RUBIN, ACTING P. J.    FLIER, J.    GRIMES, J.

Filed 4/9/14 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B243773 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA066432) |
| v. | |
| SAFETY NATIONAL CASUALTY INSURANCE CO., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Martin L. Herscovitz, Judge. Reversed with directions.

John Mark Rorabaugh for Defendant and Appellant.

John F. Krattli, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Joanne Nielsen, Deputy County Counsel, for Plaintiff and Respondent.

_____

Safety National Casualty Co. appeals from the trial court order forfeiting the bail bond it had posted for a criminal defendant. We reverse because the hearing where the defendant failed to appear was not one at which his presence was required and the defendant had not been ordered to appear.

## FACTS AND PROCEDURAL HISTORY

Elshaddai Machabeus Bent was charged with felony drunk driving in November 2010. Bail was set at $25,000, and the bail bond was executed by Safety National Casualty Co. through its agent, High Five Bail Bonds. Between November 2010 and April 5, 2011, Bent, who was represented by counsel, appeared at several hearings held before different judges or court commissioners. At the conclusion of some of those hearings, the trial court said, "bail will stand." At some, it ordered Bent to appear at the next hearing. At others, it said both, and others it said neither.

At a March 1, 2011 hearing, the trial court asked defense counsel, "[w]hat's your preference for pretrial?" Defense counsel said early April and the trial court said the "pretrial conference" would be held April 5, 2011. At the end of that hearing, the trial court did not say that bail would stand or order Bent to appear on April 5.

On April 5, 2011, Bent appeared before Judge Martin L. Herscovitz for the first time. The trial court said there had been settlement discussions and an agreement "to put the case over to May 2 with the understanding that any trial would be within 45 days of that day." Defense counsel said April 29 was a better date and the hearing was continued until then. After Bent agreed to waive his speedy trial rights the trial court said "bail will stand."

When Bent did not appear at the April 29 hearing, Judge Herscovitz declared Bent's bail forfeited. Safety National then had 180 days in which to seek vacation of the forfeiture order in the event Bent was returned to custody. (Pen. Code, § 1305,

2

subd. (c)(1).)[1] Safety National later sought a 180-day extension of that period, contending that good cause existed because one of its skip tracers hoped to soon track Bent down. (§ 1305.4.) Judge Herscovitz granted that motion in November 2011, tolling Safety National's time to have the forfeiture vacated to May 2, 2012.

Two months later Safety National moved to vacate the forfeiture, contending that the trial court lacked jurisdiction because Bent had not been ordered to appear at the April 29 hearing, and because that hearing was not one where his presence was required by law.

At the hearing on the motion to vacate, Safety National argued that the hearing set for April 29 was an ordinary pretrial conference where Bent's presence was not required absent an order to appear, as opposed to a readiness conference, where his presence was required under rule 4.112 of the California Rules of Court.[2] The trial court denied the motion for three reasons. First, it had extended the forfeiture vacation date based on Safety National's representation that it needed more time to track down Bent, and the jurisdictional issue should have been raised then. Second, the trial court believed that its statement "bail will stand" was an order to appear. Third, in an apparent reference to rule 4.112, the trial court said that case law required Bent to appear absent an order that he do so unless he had no actual knowledge that his appearance was required.

**DISCUSSION**

1. *Bail Was Wrongly Forfeited Because Bent Was Not Required to Be Present at the April 29 Hearing*

The trial court may declare bail forfeited if, without sufficient excuse, a defendant fails to appear for arraignment, trial, judgment, or any other proceeding before judgment is pronounced where his presence is lawfully required. (§ 1305, subd. (a).) We review

---

[1]     All further section references are to the Penal Code.

[2]     All further rule references are to the California Rules of Court.

3

the trial court's order forfeiting bail under the abuse of discretion standard. (*People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 823.) Forfeiture provisions such as section 1305 are disfavored, however, and therefore it is strictly construed against a finding of forfeiture. (*People v. National Automobile & Casualty Ins. Co.* (2004) 121 Cal.App.4th 1441, 1448.) Because section 1305 is jurisdictional, a trial court's order declaring a bail forfeit is void if the trial court did not strictly abide by its terms. (*Ibid.*)

Safety National contends the trial court erred because Bent had never been ordered to appear at the April 29 hearing and because the hearing was not one at which his presence was required by some provision of law. Respondent contends that Bent was required to appear on April 29 for three reasons: (1) the trial court's statement at the April 5 hearing that "bail will stand" was an order to appear on April 29; (2) the April 29 hearing was a readiness conference under rule 4.112, at which his presence was required; and (3) because Bent was charged with a felony, section 977 required him to appear at all trial court proceedings. We take each in turn.

Respondent cites no authority for the proposition that the phrase "bail will stand" can reasonably be construed as an order to appear at the next scheduled hearing, and we have found none. Instead, the phrase means no more than it says – that the defendant remains free on bail in the posted amount. Because "bail to stand" is a lawful order even if the defendant is not ordered to appear, "bail to stand" cannot be synonymous with "ordered to appear."

Furthermore, nothing in the record shows that the trial court used the phrase "bail will stand" in that manner or suggested that its use of that phrase was intended as an order to appear. As described in our FACTS AND PROCEDURAL HISTORY, the various judges before whom Bent appeared sometimes said bail will stand and did not include an order to appear, sometimes ordered him to appear and did not mention that bail would stand, or did both. Under these circumstances, we cannot construe Judge Herscovitz's statement that bail would stand as a stand-in for an unambiguous order to

4

appear at the next hearing. As a result, we hold that Bent had not been ordered to appear on April 29.[3]

Under rule 4.112, the trial court "may hold a readiness conference in felony cases within 1 to 14 days before the date set for trial." If such a conference is ordered, all trial counsel must appear and be prepared to discuss the case and determine whether it can be disposed of without trial, the prosecutor must have authority to dispose of the case, and the defendant must be present in court. (Rule 4.112(a)(1)-(3).) Our review of the record does not show that such a conference had been ordered.

At the March 1 arraignment hearing before Judge Barry Taylor, the court asked counsel about their "preference for pretrial" and set the matter for a "pretrial conference" on April 5. The minute order for that date also refers to "a pretrial." The minute order for the April 5 hearing before Judge Herscovitz states that the matter was "called for pretrial conf/trial setting." Under "Custody Status," the minute order states, "Bail to stand."[4] Judge Herscovitz noted that there had been settlement talks. Bent waived his speedy trial right, which otherwise required that trial begin on May 2, and agreed that his case would be set for April 29, with the understanding that any trial would be within 45 days of that date. The minute order states that the case was "continued to April 29, 2011 for pretrial conference as day 0 of 45."

---

[3] We asked for and received supplemental briefing from the parties as to whether anything about the use of "bail will stand" at earlier hearings would allow a finding that Bent understood that term to mean he was ordered to appear at the next hearing. We also asked for supplemental briefing on the trial court's finding that the jurisdictional issue raised in the motion to vacate the forfeiture was waived because it had not been brought earlier. Respondent concedes that the order was jurisdictional and could not be waived. (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1492-1493.)

[4] The minute order for April 5 also states that Bent was ordered to appear at the next court date, but respondent does not contest Safety National's assertion that the reporter's transcript, which contains no such statement, controls. (*People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 582, 586-587.)

5

Nothing in this chain of events suggests that a rule 4.112 conference was contemplated. Such a hearing must be conducted, if at all, within 1 to 14 days of the *trial date*. No trial date was set at the March 1 hearing, and the minute order for April 5 states that the matter was called for a pretrial conference and *trial setting*. On April 5, the matter was continued to April 29 as 0 out of 45 on the trial court's calendar, again with no indication of an actual trial date. As a result, the April 29 hearing could not have been a rule 4.112 readiness conference.

Finally, section 977 provides: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, . . ." (§ 977, subd. (b)(1).) Because Bent never executed such a written waiver, his presence was required at the April 29 hearing, respondent contends.

This contention has been considered and rejected by our appellate courts. The rationale behind their rulings is that section 977 is designed to protect a felony defendant's due process right to be present at all trial proceedings and has no bearing on a defendant's obligation to appear at certain trial court proceedings in order to maintain his status on bail. (*People v. National Automobile & Casualty Ins. Co., supra,* 121 Cal.App.4th at pp. 1449-1450; *People v. Classified Insurance Corp.* (1985) 164 Cal.App.3d 341, 344-346; *People v. National Automobile & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9; accord *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304 [narcotics case review is not a trial readiness conference].) Under these decisions, bail may be declared forfeited if a defendant fails to appear for arraignment, trial, or judgment, as specified in section 1305, subdivision (a)(1)-(3), or for a hearing where his presence is lawfully required either by some provision, such as rule 4.112, or by a previous court order to appear. (*People v. National Automobile & Casualty Ins. Co.* at

6

pp. 1449-1450; *People v. Ranger Ins. Co.* at p. 1304; *People v. Classified Insurance Corp.* at pp. 344-346; *People v. National Automobile & Cas. Ins. Co.* at p. 9.)

Respondent attempts to distinguish some of these decisions because they involved a defendant's failure to appear at a motion to suppress evidence under section 995. We see nothing different about an ordinary pretrial conference (other than a rule 4.112 conference) that calls for a different result. No rule of law makes an appearance at such a conference mandatory and, absent a previous trial court order to appear at such a hearing, a defendant's failure to do so is not grounds for declaring bail forfeited.

## DISPOSITION

The order denying Safety National's motion to vacate the forfeiture of its bail bond is reversed and the trial court is directed to enter a new order granting that motion. Appellant shall recover its costs on appeal.


                                        RUBIN, ACTING P. J.
WE CONCUR:


        FLIER, J.


        GRIMES, J.


7