[No. B062286. Second Dist., Div. Four. Oct. 6, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

354

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Ira Reiner, District Attorney, Maurice H. Oppenheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

**WOODS (A. M.), P. J.—** This appeal is by Ranger Insurance Company (Ranger) from an order denying its motions to discharge the

forfeiture of two bail bonds which Ranger had posted on Andrea Gonzales and James Martinez, defendants in a criminal case.[1]

On November 1, 1990, Andrea Gonzales, James Martinez and Fernando Valencia were charged in a criminal complaint with a violation of Health and Safety Code section 11352 (transportation or sale of a controlled substance). Ranger posted bail bonds for both Gonzales and Martinez. After several continuances, all the defendants were ordered to court to stand trial on May 20, 1991. Only defendant Valencia appeared.

The following colloquy occurred regarding the other two defendants:

"THE COURT: Where is James Martinez?

"MR. KAJIOKA: I don't know, Your Honor.

". . . . . . . . . . . . . . . . . . . . .

"THE COURT: Where is Andrea Gonzales?

"MR. HALL: She apparently is not present. . . .

". . . . . . . . . . . . . . . . . . . . .

"THE COURT: Just have a seat in the back, Mr. Valencia. [¶] I've already issued warrants for Martinez and Gonzales. Those are no bail warrants."

Though the court did not verbally declare a forfeiture of bail, on the minutes for May 20th, as to Gonzales, a box is checked near the printed words "BAIL, IF POSTED, FORFEITED[.]" Likewise as to Martinez, there is a handwritten notation "Bail forfeited." The notices of orders forfeiting bail were mailed to Ranger on May 29, 1991. Ranger filed motions to vacate forfeiture and exonerate bail. The basis of its motion was that, because the court did not declare the forfeiture in open court, as reflected in the reporter's transcript for May 20th, it lost jurisdiction to declare the forfeiture. The motion was denied because the court concluded the reporter's transcript did not accurately or fully represent the proceedings on May 20th. Ranger then filed a motion for reconsideration and attached the declarations of two bail agents who were present in court on May 20th at Ranger's request because Ranger had received information that Gonzales and Martinez might not appear. Both agents declared that the court did not declare a

---

[1] An order to deny a motion to vacate a forfeiture is appealable. (*People* v. *Amwest Surety Ins. Co.* (1986) 180 Cal.App.3d 444, 446, fn. 1 [225 Cal.Rptr. 592].)

forfeit of bail on the defendants. The motion for reconsideration was denied. This appeal ensued. We affirm.

■ Ranger's sole argument is that the trial court lacked jurisdiction to order forfeitures of bail because the court did not verbally order such forfeiture notwithstanding that its minute orders clearly indicate such forfeitures. We reject the argument.

Penal Code section 1305 states in pertinent part: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, . . . , the court shall direct the fact to be entered upon its minutes, and, . . . , the undertaking of bail or the money deposited instead of bail, as the case may be, shall thereupon be declared forfeited . . . ." (Pen. Code, § 1305.)

Ranger reads the phrase "thereupon be declared" to impose a jurisdictional requirement that the trial judge speak these words in open court, but the statute itself imposes no such requirement. "In the normal course of events, where a bailed defendant fails to appear for a scheduled court hearing without sufficient excuse, the trial court is required to enter the nonappearance in the minutes of the court and immediately forfeit the bail with notice to the surety and its agent. [Citations.]" (*People* v. *American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1366 [264 Cal.Rptr. 152].)

Indisputably, the record in this case shows that the court followed this procedure of entering the unexcused nonappearance of defendants in the minutes, recording the forfeiture in those minutes and then sending appropriate notice to the surety. As this court has previously observed: "The clerk's minutes are accessible as a matter of routine, a reporter's transcript may or may not exist and may or may not be available to the surety." (*People* v. *Surety Ins. Co.* (1973) 34 Cal.App.3d 444, 447 [109 Cal.Rptr. 894].)

Ranger's further argument that the minute order recording the forfeiture is "inconsistent" with the transcript of the oral proceedings because the judge did not speak the words, "Bail forfeited," also proceeds from a faulty premise. It is well settled that where the record is silent, the reviewing court does not presume error, but, in most instances, draws the opposite conclusion; ". . . where a record is silent we presume that an official duty has been correctly performed. [Citation.]" (*Fortman* v. *Hemco, Inc.* (1989) 211 Cal.App.3d 241, 258 [259 Cal.Rptr. 311].) In point of fact, however, the record before us is not silent on the question of whether bail was forfeited because the forfeiture is explicitly stated in the court's minutes which are, of

course, no less a part of the record than the transcript of the oral proceedings. This case is clearly distinguishable from *People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898 [98 Cal.Rptr. 57, 489 P.2d 1385], on which Ranger relies, wherein the court issued a bench warrant but held it without making any finding on whether sufficient excuse existed for the defendant's absence.

Finally, to the extent that this case raises the issue of notice, it is relevant that Ranger suspected that defendants Gonzales and Martinez might not appear for trial and sent two of its agents to surrender the defendants if they did appear. Those agents observed that Gonzales and Martinez failed to appear. No excuse was offered for the nonappearance and bench warrants were issued, putting them on inquiry notice as to forfeiture, which could have been satisfied simply by examining the minute orders. Further, the statutory notice requirement was complied with.

The order is affirmed.

Epstein, J., and Conway, J.,* concurred.

A petition for a rehearing was denied October 26, 1993, and appellant's petition for review by the Supreme Court was denied February 2, 1994.

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.