[Nos. G017110, G017304. Fourth Dist., Div. Three. Jan. 8, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
TOPA INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Terry C. Andrus, County Counsel, Laurence M. Watson, Chief Assistant County Counsel, and Karen J. Driessen, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**CROSBY, J.—** Topa Insurance Company moved to vacate a bail forfeiture and exonerate the bond, arguing the court failed to state on the record that the bail of a criminal defendant who failed to appear for a pretrial hearing was forfeited. The superior court rejected the contention, and we affirm.

Per Penal Code section 1305, subdivision (a), "[a] court shall declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear" in court when ordered to do so. Where "the surety is an authorized corporate surety, and if the bond plainly displays the mailing address of the corporate surety and the bail agent, then notice of the forfeiture shall be mailed to the surety at that address and to the bail agent, and the mailing alone to the surety or the bail agent shall not constitute compliance with this section." (Pen. Code, § 1305, subd. (b).)

*People* v. *Ranger Ins. Co.* (1993) 19 Cal.App.4th 353 [24 Cal.Rptr.2d 115] involved an earlier version of Penal Code section 1305.[1] There, the Court of Appeal held a trial court was not required to state on the record that bail was forfeited and the appropriate entry in the minutes was sufficient. (19 Cal.App.4th at pp. 356-357.) The appellate panel also observed that court minutes are generally more easily accessed than a reporter's transcript. (*Ibid.*)

---

[1]The former version of Penal Code section 1305 provided, "If, without sufficient excuse, the defendant neglects to appear . . . the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited . . . ."

*Ranger*'s analysis is just as apt today. Nothing in the 1993 amendments remotely suggests the Legislature's rewording of Penal Code section 1305 was intended to—or in fact did—obligate the trial court to state on the record that bail has been forfeited. The Legislature certainly knows how to require on-the-record statements by the court. (See, e.g., Pen. Code, § 1193 [pronouncement of judgment in open court].) And nothing in current language of Penal Code section 1305 suggests an on-the-record pronouncement of forfeiture is necessary.

Topa also complains the clerk, not the court, "checked" the forfeiture box on the form minute order. Even assuming that was so, the forfeiture was still valid. The defendant who utilized Topa's services missed a mandatory court appearance. The court determined the absence was unexcused and ordered the issuance of a bench warrant. At that point, the forfeiture of the defendant's bail was required by statute; and it is of no moment that a clerk rather than a bench officer might have checked the appropriate box.

The order denying the motion to vacate forfeiture and judgment are affirmed.

Sills, P. J., and Sonenshine, J., concurred.