[No. H019333. Sixth Dist. Nov. 18, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Ann Miller Ravel, County Counsel, and Kathy Kretchmer, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**COTTLE, P. J.**—Defendant and appellant Ranger Insurance Company appeals after the trial court denied its motion to set aside a summary judgment on bail forfeiture and to exonerate bail. Ranger contends an amendment to Penal Code section 1305, subdivision (a),[1] which requires a bail bond forfeiture to be declared in open court, must apply retroactively to the instant judgment, which was entered before the amendment came into effect. For the reasons stated below, we hold that the amendment only applies prospectively.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

PROCEDURAL HISTORY

On April 18, 1997, Ranger posted bail bond No. R50-10590508 for the release of defendant Edgardo C. Magadan from custody pending felony criminal proceedings against him.

On July 28, 1997, defendant Magadan pleaded guilty to the charges against him, and the case was continued to September 26, 1997, for sentencing. Magadan failed to appear for sentencing on September 26, 1997. The transcript of the proceeding in Magadan's case for that date reads in its entirety as follows: "THE COURT: Line 20, People versus Edguardo [*sic*] Magadan. [¶] MS. MATTISON: Chris Mattison for Mr. Magadan who is not present. [¶] Ms. DANG: Yen Dang for the People. [¶] PROBATION OFFICER: James Manganello for probation. [¶] THE COURT: The Court will issue a bench warrant. No bail. [¶] (Whereupon proceedings in this matter were concluded.)"

On the date defendant failed to appear in court, i.e., on September 26, 1997,[2] both Ranger and its bail agent were sent a notice of forfeiture, indicating that bail "was forfeited on September 26, 1997."

On May 13, 1998, summary judgment was entered on the forfeiture; notice of entry of the summary judgment was sent on July 27, 1998.

On September 1, 1998, Ranger filed a motion to set aside the summary judgment on the basis the trial court failed to declare a bail forfeiture in open court, as required by an amendment to section 1305, subdivision (a), which would become effective January 1, 1999. In denying the motion on October 26, 1998, the trial court noted that the new law "does not become law until 1999." Ranger appeals.

DISCUSSION

■ The question presented is whether the amendment requiring a bail forfeiture be declared in open court applies retroactively to cases such as this, in which the judgment was entered before the amendment came into effect.

■ "The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.] Sections 1305 through 1309 govern bail forfeiture. [Citation.] Because the law abhors forfeitures, these statutes are to be

---

[2]The notice inadvertently bore a "Filed" stamp date of August 26, 1997.

strictly construed in favor of the surety. [Citation.]" (*People* v. *Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763].) Furthermore, the sections governing bail forfeiture " 'must be strictly followed or the court acts without or in excess of its jurisdiction. . . .' [Citation.]" (*People* v. *Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167].)

 At the time the judgment was entered in this case, the case law interpreting section 1305 had held that the section did not impose a requirement that the trial court state on the record that bail had been forfeited. (See *People* v. *Ranger Ins. Co.* (1993) 19 Cal.App.4th 353, 356 [24 Cal.Rptr.2d 115]; *People* v. *Topa Ins. Co.* (1996) 42 Cal.App.4th 566, 568 [49 Cal.Rptr.2d 506].) Accordingly, here, the trial court made no oral declaration of forfeiture. The only pertinent words the court spoke during the proceedings after it was announced that defendant had failed to appear were: "The court will issue a bench warrant. No bail."

Effective January 1, 1999, the law regarding the procedures a trial court must follow for bail forfeiture includes a requirement that "[a] court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear . . . ." (§ 1305, subd. (a).)

Relying on *People* v. *Durbin* (1966) 64 Cal.2d 474 [50 Cal.Rptr. 657, 413 P.2d 433], Ranger contends the amendment requiring a declaration of bail forfeiture in open court immediately upon the defendant's failure to appear must be retroactively applied here, and that, as a result of the trial court's failure to make such a declaration, the court "lost jurisdiction, and its actions thereafter, including entry of summary judgment, were void."

In *Durbin*, the surety moved to exonerate bail because the defendant was being held in custody in Tennessee. At the time, section 1305 provided the trial court with discretion to discharge a forfeiture of a bail bond if the defendant was unable appear in court because, among other things, he was being detained by civil authorities. After a remand in which it was ordered to exercise such discretion, the trial court exercised its discretion and denied the motions by the criminal defendant. The ensuing motions by Durbin and his sureties to set aside the forfeitures of bail "were based upon Penal Code section 1305 which throughout 1961 provided, in part, that the court 'may' discharge the forfeiture upon such terms as may be just if within 90 days after entry in the minutes of the failure to appear it is shown to the satisfaction of the court 'that the defendant is dead or is physically unable, by reason of illness or insanity, or by reason of detention by civil or military authorities, to appear in court at any time during said 90 days.' In September of 1963, between the time the appellate court issued its remittitur reversing

the orders denying relief and the time the trial court again denied the motions to set aside the forfeitures, section 1305 was amended by replacing 'may' with 'shall' and thereby made mandatory the granting of relief upon such terms as may be just if a timely motion is made and the inability specified by the statute is shown. (Stats. 1963, ch. 2014, p. 4113, § 1.)" (*People* v. *Durbin, supra,* 64 Cal.2d at p. 476.)

In considering whether the 1963 amendment to section 1305 should apply to the case before it and whether the trial court thus would be required to discharge the forfeiture of bail, the *Durbin* court recognized that "[t]he general rule of construction found in the common law and embodied in section 3 of the Penal Code is that when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively. [Citations.]" (*People* v. *Durbin, supra,* 64 Cal.2d at p. 478.) The court's analysis then continued as follows: "However, the amendment requiring the court to set aside forfeitures in cases where it previously had discretion to decline to do so amounts to the elimination of the power of forfeiture in these cases, and it is settled that the repeal of a civil penalty or forfeiture running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty. [Citations.]" (*Ibid.*) The *Durbin* court also held the rule set forth in *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [48 Cal.Rptr. 172, 408 P.2d 948], that an amendment controls "if an amendatory statute lessening punishment" becomes effective prior to the date the judgment of conviction becomes final, "equally applies to the reduction or elimination of civil penalties or forfeitures." (*People* v. *Durbin, supra,* 64 Cal.2d at p. 479.)

Following the general rule of construction set forth in *Durbin,* we presume the Legislature intended the 1999 amendment to section 1305, subdivision (a), to operate only prospectively, and Ranger's reliance upon *Durbin* to argue for retroactivity in the instant case is unpersuasive. Unlike the 1963 amendment considered in *Durbin,* the amendment to section 1305 considered here does not deprive the trial court of any discretion to set aside a forfeiture and does not amount to a reduction or elimination of the court's power of forfeiture. To the contrary, the 1999 amendment merely imposes an additional procedure to establish a bail bond forfeiture. According to the Assembly Committee on Public Safety, the rationale for the 1999 bail forfeiture amendment, which was introduced as part of Assembly Bill No. 2083 in 1998, was to give bail agents "notice of the forfeiture at the time, rather than when the notice is sent" and to thereby give the bail agents the ability "to immediately pursue the fugitive." That committee also noted that the amendment should be considered "a minor technical change to existing law."

Given our conclusion that the 1999 amendment does not amount to an elimination or reduction of the power of forfeiture and given no express legislative declaration that the amendment should be applied retrospectively, we conclude the 1999 amendment to subdivision (a) of section 1305 is not retroactive. (§ 3; *People* v. *Durbin, supra,* 64 Cal.2d at pp. 478-479.) Accordingly, Ranger is not entitled to relief based upon the statutory change to the forfeiture provision in question.

DISPOSITION

The trial court's order is affirmed.

Premo, J., and Elia, J., concurred.