[No. C033619. Third Dist. Sept. 5, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
FRONTIER PACIFIC INSURANCE COMPANY, Defendant and
Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Terrence R. Dermody, County Counsel, Steven R. Hahn and Gilberto Gutierrez, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**BLEASE, Actimg P. J.**—Frontier Pacific Insurance Company (Frontier), appeals from a motion denying the exoneration of bail and a summary judgment entered against it following the forfeiture of a bail bond in the amount of $18,334. (Pen. Code, §§ 1305, 1306.)[1]

On appeal, Frontier contends the trial court lost jurisdiction to declare a forfeiture by failing to do so at the first hearing at which the defendant failed

---

[1] A reference to a section is to the Penal Code unless otherwise specified.

to appear and the trial court lost jurisdiction upon the running of the statutory period. Upon the court's own motion, supplemental briefing was requested on the issue whether the summary judgment was void because it was not signed by a judge.

We will conclude the judgment is void for failure of a judge to sign the judgment within the time specified by law. (§ 1306.) We will direct that the trial court enter an order exonerating bail.

## STATEMENT OF FACTS

On June 1, 1996, Frontier, through its agent Albert Garibaldi Bail Bonds, posted a bond for the release of Abelardo Rios Benitez in the amount of $18,334.

Benitez was tried by a jury, which began and concluded its deliberations on February 14, 1997. The jury informed the court it had reached a verdict at approximately 4:35 p.m. Benitez was not present in court. Upon questioning by the trial judge, Benitez's attorney indicated he believed his client was not in court due to a misunderstanding or miscommunication, especially since Benitez had made every other required court appearance. Benitez's attorney also pointed out that when the jury began deliberating, the defendant had not been told to return to court at any particular time.

The judge accepted this explanation and continued the matter to February 18, 1997. Benitez did not appear at the February 18, 1997, hearing to read the verdict. Benitez was found guilty, a bench warrant issued, and bail was forfeited. A notice of forfeiture was mailed on March 3, 1997.

On August 27, 1997, within the 185-day statutory period, Frontier filed a motion to extend the period. The motion was set for hearing on September 9, 1997, as per Frontier's request. After the September 9, 1997, hearing, the trial court granted the motion and extended the period for an additional 180 days. On March 27, 1998, after the expiration of the period of extension, summary judgment was entered.

The summary judgment was signed by the clerk of the court.

## DISCUSSION

■ Frontier contends the trial court lost jurisdiction to declare a forfeiture by failing to do so when the defendant did not appear at the February 14 hearing for the reading of the verdict. We disagree.

Section 1305.1 provides the trial court may continue a hearing without ordering forfeiture if it "has reason to believe that sufficient excuse may exist for the failure to appear . . . ." (§ 1305.1.) The trial court " 'can continue a hearing and still retain its jurisdiction to declare a forfeiture at a later time as long as it has a reason to believe that a sufficient excuse exists for the nonappearance.' " (*County of Los Angeles v. Ranger Ins. Co.* (1996) 48 Cal.App.4th 992, 996 [56 Cal.Rptr.2d 25], quoting *People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 19 [36 Cal.Rptr.2d 807].) Whether the excuse proffered is sufficient is a matter within the trial court's discretion. (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906-907 [98 Cal.Rptr. 57, 489 P.2d 1385].)

The record in the instant case reflects confusion whether Benitez was required to appear when the jury rendered its verdict, there was no order specifically requiring his appearance, and he had appeared at every previous hearing and throughout the trial. Under these circumstances it was not an abuse of discretion for the trial court to determine that sufficient excuse may have existed for Benitez's absence. (See *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 924-925 [66 Cal.Rptr.2d 29], and cases cited therein.)

██ Frontier's second contention is equally unavailing. ██ It is well settled the forfeiture or exoneration of bail is an entirely statutory procedure and the statutes governing the procedures are to be strictly construed in favor of the surety. (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763].)

██ Section 1305 establishes the conditions under which a surety may set aside a bail forfeiture. It also imposes a 180-day jurisdictional time limit within which such relief can be granted.[2] Section 1305.4 permits the surety to move to extend that period for up to an additional 180 days. In 1997, when this appeal arose, former section 1305.4 required the motion to be served upon the prosecuting agency at least 10 days prior to the hearing date.

Frontier filed its 1305.4 motion on August 27, 1997, three days prior to the expiration of the 185 days. Filing the motion at that late date precluded Frontier from giving the required 10 days' notice to the People, unless the hearing was set beyond the 185-day period. Accordingly, Frontier requested the hearing on this motion be set for September 9, 1997, nine days after the expiration of the 185 days. In so doing, Frontier effectively agreed to a tolling of the period until September 9, 1997.

---

[2]The 180 days may be extended by five days if the notice of forfeiture is mailed. (§ 1305, subd. (b).)

Following the hearing, Frontier's motion was granted and it was permitted an additional 180 days to exonerate bail.

In circumstances such as these, Frontier, having received the benefit of additional time, is estopped from arguing that the trial court lacked jurisdiction to enter the order extending time. " 'A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "[t]o hold otherwise would permit the parties to trifle with the courts." . . .' " (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 18 [82 Cal.Rptr.2d 214].)

Frontier both sought and received the favor of additional time in which to have the forfeiture of its bond vacated. "Having been handed the favor, [Frontier] now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day period . . . . Can there be any doubt that if [Frontier] had, within the 30-day extension of the 185-day period, presented the court with facts proving a temporary disability of [Benitez] (or presented the court with [Benitez] himself), [Frontier] would have expected the trial court to vacate the forfeiture and exonerate the bail?" (*County of Los Angeles v. Ranger Ins. Co., supra,* 70 Cal.App.4th at pp. 18-19.) We think not.

■ Notwithstanding, the judgment is void for lack of execution by a judge, and requires reversal.

The summary judgment was not signed by the judge, but by the clerk of the court. " '[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' " (*People v. Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220], quoting *People v. Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915].) Section 1306 specifically "place[s] the responsibility for entering the summary judgment on default bail on the court, unequivocally limit[s] the time within which the judgment may be entered, and provide[s] that the right to enter the judgment terminates when that time limit has expired." (*Surety, supra,* 30 Cal.App.3d at p. 79.) In so providing, "the Legislature placed the responsibility for entry of the judgment on the court, even though it might assign the physical task of entering the judgment to its clerk. Such a clear mandate cannot be avoided by delegation of authority . . . ." (*Id.* at p. 78.)

In this case, it was more than just the "physical task of entering" the judgment which apparently was delegated to the clerk, but the actual rendition of that judgment. The rendition of judgment is not a ministerial act which may be delegated to the clerk.

The People rely on *People v. Topa Ins. Co.* (1996) 42 Cal.App.4th 566 [49 Cal.Rptr.2d 506] for the proposition that a clerk, rather than the court, can "check" the forfeiture box on a form minute order. There is no discussion in *Topa* suggesting the judgment itself was not signed by the judge. It is clear from the plain language of sections 1305 and 1306 that the court (i.e. the judge) and the clerk have distinct functions. It is equally clear it is the court's duty, not the clerk's, to render and enter the judgment. (*People v. Surety Ins. Co., supra,* 30 Cal.App.3d at pp. 78-79.) At a minimum, this requires that a judge sign the judgment. To the extent that the holding in *Topa* suggests a different result, we disagree with it.

On the record in this case there is no support for the claim that a judge rendered or entered the judgment. Contrary to the People's argument, there is no support for the claim the summary judgment was "obviously" entered at the court's direction. What we have is a form document denominated "Summary Judgment and Notice Thereof," which does not bear a judge's signature, nor even have a place for a judge's signature. This is not effective as a judgment. The rendition of judgment is a judicial act and under section 1306 so is entry of judgment. A judicial act may not be delegated to the clerk. (*People v. Surety Ins. Co., supra,* 30 Cal.App.3d at p. 79.)

For these reasons the "judgment" is a nullity. Moreover, because a proper summary judgment was not entered within 90 days after the date upon which it may first be entered "the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).)

## DISPOSITION

The order appealed from is reversed. The superior court is directed to enter an order exonerating the bond. Costs are awarded to appellants.

Morrison, J., and Callahan, J., concurred.