Filed 6/7/16  Vos v. Reconstruct Co. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| SELWYN D.J. VOS, | |
| Plaintiff and Appellant, | C078848 |
| v. | (Super. Ct. No. SCV0034268) |
| RECONTRUST COMPANY, N.A., | |
| Defendant and Respondent. | |

Selwyn D.J. Vos, representing himself, filed this lawsuit against Recontrust Company, N.A. (Recontrust), asserting negligence and fraud in connection with a foreclosure proceeding.  It is Vos's fourth lawsuit arising from the same foreclosure.  The trial court sustained Recontrust's demurrer to the first amended complaint without leave to amend.

After judgment was entered, Vos filed an opposition to notice of entry of judgment.  The trial court held a hearing, determined that Vos could not identify any authority in support of his opposition, and issued a January 29, 2015 minute order ruling that it did not have jurisdiction to consider Vos's opposition.  Vos now appeals from that minute order.

1

Vos raises various contentions on appeal under the heading "Placer County Superior Court Procedural Inconsistencies." Recontrust counters that (A) Vos appeals from a nonappealable order, (B) any purported appeal was untimely, and (C) Vos's contentions lack merit.

We conclude Vos appealed from an appealable postjudgment order. But many of his contentions are forfeited, we will not consider others, and the one that remains lacks merit. We will affirm the judgment.

BACKGROUND

Unlike the normal appeal from an order sustaining a demurrer without leave to amend, here the facts alleged in the first amended complaint are not relevant to Vos's contentions on appeal. Rather, his appellate contentions focus on procedural issues, and thus we set forth the procedural background of the case.

Vos brought three previous suits in November 2011, June 2012, and January 2014. They were dismissed. He filed the original complaint in this case on February 7, 2014. Thirteen days later, he filed an amended complaint. Nevertheless, Recontrust demurred to the original complaint on March 26, 2014. On August 21, 2014, the trial court dropped the demurrer from the calendar as moot, finding that the original complaint was no longer the operative pleading. That same day, Recontrust demurred to the amended complaint. Eight days later, Vos moved for default judgment, arguing the demurrer to the amended complaint was not timely.

The trial court held a hearing on September 25, 2014. The next day, the trial court sustained the demurrer without leave to amend, ruling that res judicata barred the action and the amended complaint failed to allege sufficient facts to support either cause of action. The trial court also noted that Vos had not filed a written opposition, had not challenged the demurrer's substance at oral argument, and had not identified an ability to amend the complaint. Addressing Vos's arguments at the hearing, the trial court said the determination that the prior demurrer was moot did not preclude Recontrust from

2

demurring to the first amended complaint, and that although the current demurrer was filed late, it was within the trial court's discretion to consider it given the lack of written opposition. The trial court also denied Vos's request for default judgment.

Recontrust served Vos with a notice of judgment on October 2, 2014. Six days later, Vos moved for reconsideration. The trial court denied his motion, finding Vos had not shown his request was based on "new or different facts, circumstances or law." Vos was served with another notice of judgment on November 25, 2014. That notice included a copy of the judgment with "/S/ Michael Jones" handwritten on the signature line. The record also includes a copy of the judgment bearing the trial judge's original signature.

On December 10, 2014, Vos filed an "opposition to the notice of entry of judgment or order" asserting that (1) unlike the judgment, the tentative ruling did not award costs to Recontrust, and (2) the signature on the judgment is not the judge's signature.

The trial court set a hearing for January 29, 2015. Vos filed a document seeking to provide additional information in opposition to the notice of entry of judgment or order, asserting "additional allegations as to the procedural inconsistencies" with the trial court.

Following the hearing on January 29, 2015, the trial court prepared a minute order of that same date stating the following: "Mr. Vos is present in pro per and the court inquires as to exactly what authority Mr. Vos has which will allow this proceeding to go forward. The court inquires several times as to what authority, citation, statute or otherwise, that Mr. Vos has which will allow this proceeding to go forward. Mr. Vos is unable to state any authority, but does state several times that he is a pro per litigant. ¶ The court states the matter is removed from calendar because the court is without jurisdiction." After the case had been heard and Vos had left, defense counsel appeared telephonically. The minute order notes the trial court was unaware at the time of the hearing that a telephonic appearance had been scheduled. Defense counsel was informed that the case had been removed from calendar.

3

On March 25, 2015, Vos filed a notice of appeal, stating he was appealing from an order dated "1/29/15."

DISCUSSION

Vos raises various contentions on appeal under the heading "Placer County Superior Court Procedural Inconsistencies." Many of his contentions relate to the judgment, not the January 29, 2015 minute order, such as challenges to the timeliness of the demurrer to the amended complaint, the timeliness of his receipt of that demurrer, the applicability of the doctrine of res judicata, and the propriety of sustaining the demurrer to the amended complaint when the demurrer to the original complaint had been dropped from calendar as moot. However, he also challenges the judge's signature on the November 17, 2014 judgment, a matter that could only be asserted postjudgment.

Recontrust counters that (A) Vos appeals from a nonappealable order, (B) any purported appeal was untimely, and (C) Vos's contentions lack merit. We address these issues in turn.

A

We begin with Recontrust's threshold argument that Vos appeals from a nonappealable order.

Vos's notice of appeal is a Judicial Council form. The form states that Vos "appeals from the following judgment or order in this case, which was entered on (date): 1/29/15" -- the date of the January 29, 2015 minute order. Vos also checked the box indicating he was appealing from an order after judgment and also added the date "12/10/2014" -- the date of his opposition giving rise to the minute order. By specifying only the January 29, 2015 minute order, Vos's appeal cannot be construed as appealing a prior, separately appealable order. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47 ["The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only part of the

4

judgment or one of two separate appealable judgments or orders"].) Vos's appeal is limited to the January 29, 2015 minute order.

"[N]ot every postjudgment order that follows a final appealable judgment is appealable. To be appealable, a postjudgment order must satisfy two additional requirements." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) First, "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.]" (*Ibid*.) Second, " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' [Citation.]" (*Id*. at pp. 651-652.)

Here, Vos's appeal raises at least one issue that could differ from those arising from an appeal of the judgment. As we have mentioned, Vos's challenge to the judge's signature could only be asserted postjudgment. Although it is arguable he could have asserted the challenge in an appeal from the judgment, we will give him the benefit of the doubt on this issue. And because a judgment requires a judge's signature, a challenge to that signature necessarily relates to the judgment's enforcement. (*People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1294 [holding judgment void for lack of judge's signature].) We conclude the postjudgment order is appealable.

B

Recontrust next asserts that the appeal was untimely. But the argument assumes the appeal is from the November 17, 2014 judgment, not the January 29, 2015 postjudgment order. Because we have determined the appeal is from the postjudgment order, his appeal was timely.

C

In addition, Reconstruct argues Vos's contentions lack merit.

Though Vos appeals from an appealable order, most of his contentions are not properly before us. We do not consider arguments pertaining to the judgment except for the challenge to the judge's signature. " 'If a judgment or order is appealable, an

5

aggrieved party must file a [separate,] timely appeal [on each] or forever lose the opportunity to obtain appellate review.' [Citations.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker, supra*, 220 Cal.App.3d at p. 46, italics omitted.) Because Vos did not appeal from the judgment, we may only consider issues arising from the January 29, 2015 minute order or the challenge to the judge's signature on the judgment, which could only be asserted postjudgment.

There is another reason why we do not consider many of Vos's contentions. His briefs for the most part fail to comply with the California Rules of Court. The rules require briefs to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) A court may treat as forfeited any claim that fails to contain reasoned argument and legal authority in support. (*Ibid.*; *People v. Stanley* (1995) 10 Cal.4th 764, 793.) That a party is in propria persona does not excuse noncompliance with these requirements. (See *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 196.)

Vos raises many "procedural inconsistencies" averring that certain documents and records of hearings have been removed from the trial court's records. He asserts he was not notified that an upcoming hearing had been canceled. And he contends the trial court failed to enforce procedural rules regarding telephonic appearance. No authority or reasoned argument support these contentions and they are forfeited. (Cal. Rules of Court, rule 8.204(e)(2)(C); *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["One cannot simply say the court erred, and leave it up to the appellate court to figure out why"]; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; *In re Phoenix H.* (2009) 47 Cal.4th 835, 845.)

Vos also challenges defense counsel's failure to appear at the January 29, 2015 hearing. But we will not consider that contention because it is raised for the first time in his reply brief. We decline to consider a point raised for the first time in a reply brief

6

where Vos has not shown good cause for the failure to present the argument in his opening brief.  (*Trustees of Capital Wholesale Electric etc. Fund v. Shearson Lehman Brothers, Inc.* (1990) 221 Cal.App.3d 617, 627.)

We will consider, however, the argument that the signature on the November 17, 2014 judgment was not the judge's signature.  It is true that a copy of the judgment had "/S/ Michael Jones" handwritten on the signature line.  But the record also contains a copy of the November 17, 2014 judgment with the judge's original signature.  Vos provides no evidence of forgery and his challenge to the signature lacks merit.

DISPOSITION

The judgment is affirmed.


      /S/            <br>Mauro, J.            


We concur:


     /S/         
Raye, P. J.


     /S/         
Blease, J.