Filed 10/29/20  P. v. The North River Ins. Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER<br>INSURANCE COMPANY et al.,<br><br>    Defendants and Appellants. | B297109<br><br>Los Angeles County<br>Super. Ct. Nos. SJ4102,<br>PA079550-02 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER<br>INSURANCE COMPANY et al.,<br><br>    Defendants and Appellants. | B297116<br><br>Los Angeles County<br>Super. Ct. Nos. SJ4101,<br>PA079550-01 |

APPEALS from orders of the Superior Court of Los Angeles County, Kerry Bensinger and Victoria Wilson, Judges. Affirmed.

Jefferson T. Stamp for Defendants and Appellants.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Michael J. Gordon, Deputy County Counsel, for Plaintiff and Respondent.

---

**INTRODUCTION**

A surety and its bail agent appeal from the trial court's orders denying their motions to set aside summary judgments on two separate forfeited bail bonds entered under section 1306, subdivision (a) of the Penal Code[1] (1306(a)). Appellants contend the summary judgments entered against them were void in violation of their due process rights and section 1306(a) because the judge who declared the forfeiture of the bonds was not the same judge who entered the summary judgments.

In *People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559 (*North River*), Division Seven of this court rejected the same arguments that appellants advance here. We agree with that decision's reasoning and therefore affirm the orders.

**FACTS AND PROCEDURAL BACKGROUND**

The North River Insurance Company (North River), through its bail agent Bad Boys Bail Bonds (bail agent) (collectively, appellants) posted bail bonds on January 27, 2014, for the release of criminal defendants Carlos Montoya and Juan Quintero (defendants) from custody pending their appearance in court. When the defendants failed to appear for their

---

[1] Undesignated statutory references are to the Penal Code.

arraignments on February 21, 2014, the Honorable Michael O'Gara ordered the bonds forfeited.

Appellants then had a185-day "appearance period" from service of the notices of forfeiture (180 days plus five days for service by mail) to move to have the forfeitures vacated and the bonds exonerated. (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42.) Appellants successfully moved to extend the appearance periods for another 180 days, under Penal Code section 1305.4, until February 26, 2015. The court granted a second extension until May 7, 2015.

Appellants then filed motions to vacate the forfeitures and exonerate the bonds on the last day of the extended appearance period. The court heard and denied appellants' motions on July 15, 2015.[2] On July 24, 2015, the court (the Honorable Kerry Bensinger)[3] separately entered summary judgment in favor of respondent on the forfeited bail bonds for Quintero and Montoya.

In each case, appellants filed a motion to set aside the summary judgment, vacate forfeiture, and exonerate the bond, arguing as a matter of due process and statutory interpretation, summary judgment must be entered by the same judge who declared the forfeiture. The Honorable Victoria Wilson denied appellants' motions to set aside the summary judgments on February 15, 2019.

---

[2]    We affirmed those orders in a consolidated appeal on July 16, 2018. (B269234.)

[3]    At the time, Department 54, the Honorable Kerry Bensinger presiding, was assigned to enter *all* section 1306 summary judgments on forfeited bail bonds.

Appellants separately appealed from those orders. On July 9, 2020, we consolidated the two appeals for purposes of argument and decision.

**DISCUSSION**

### 1. *Applicable law*

The Penal Code, specifically, section 1305 et seq., governs the forfeiture of bail. (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 998.) " 'These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction.' " (*Id.* at pp. 998-999.) "Because of the harsh results of a forfeiture and the jurisdictional nature of statutory compliance, appellate courts carefully review the record to ensure strict statutory compliance." (*Id.* at p. 999.)

Section 1305, subdivision (a) requires the trial court to declare a forfeiture of bail if a defendant fails to appear at the specified court proceeding without a satisfactory excuse. The clerk of the court must mail notice of the forfeiture to the surety and bail agent within 30 days. (§ 1305, subd. (b)(1).) As we have said, the surety then has a 185-day "appearance period" from the mailing of the notice, that can be extended another 180 days for good cause, to bring the defendant to court and have the forfeiture vacated and the bond exonerated.[4] (§§ 1305, subds. (b)-(c), 1305.4.) "If the forfeiture has not been vacated at the end of the appearance period, the court has no choice but to enter summary judgment in accordance with the terms stated in the bond. (§ 1306, subd. (a); *County of Los Angeles v. Williamsburg*

---

[4]    As occurred here, the surety also may move—before the expiration of the appearance period—to have the forfeiture vacated and bail exonerated on grounds specified under section 1305. (See § 1305, subd. (j).)

4

*National Ins. Co.* (2015) 235 Cal.App.4th 944, 954 ['[a]fter the exoneration [appearance] period expires—and no timely filed motion to vacate forfeiture or extend the exoneration period is pending—the court lacks jurisdiction to do anything but enter summary judgment'].)" (*North River, supra*, 53 Cal.App.5th at p. 567.)

"A summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial." (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047.) By the terms of each of its bail bonds, North River agreed that "[i]f the forfeiture of th[e] bond be ordered by the Court, judgment may be summarily made and entered forthwith against [North River] for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code." The only issue therefore is whether the summary judgments complied with sections 1305 and 1306. (*American Contractors,* at p. 1047.)

## 2. *Standard of review*

"An order denying a motion to vacate summary judgment on a bail bond forfeiture is an appealable order and is a proper vehicle for considering a jurisdictional attack on the summary judgment." (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) We independently review such an order when, as is the case here, "the facts are undisputed and only legal issues are involved." (*Ibid.*) We also review de novo questions of statutory construction. (*Ibid.*) Because the law disfavors forfeiture, the Penal Code sections governing bail forfeiture, including sections 1305 and 1306, " 'must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' " (*County of Los Angeles v. Surety Ins. Co.* (1984)

162 Cal.App.3d 58, 62.) Nevertheless, "[t]he policy disfavoring forfeiture cannot overcome the plainly intended meaning of the statute." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 308.)

**3.     *The summary judgment is not void***

Appellants contend the summary judgments are void because (1) North River's constitutional right to due process was violated when the judge who entered the summary judgments was not the judge who heard the evidence of and entered the bail forfeiture; and (2) section 1306(a) requires the same judicial officer who declared the bail bond forfeiture to enter summary judgment on the forfeited bail bond.

   a.     *North River's due process rights were not violated*

Section 1306(a) states than when a bond is forfeited and the appearance period "has elapsed without the forfeiture having been set aside, *the court* which has declared the forfeiture shall enter a summary judgment" against the surety in the amount of the bond. (Italics added.) Appellants contend that due process requires "the court" to mean that *the judge* who heard the evidence of the bail forfeiture must also be the one to order summary judgment. Relying on several cases, they argue only the judge who heard the evidence of the alleged unexcused failure to appear has knowledge of the entire record necessary to competently review the evidence to render summary judgment. (See *Phillips v. Phillips* (1953) 41 Cal.2d 869, 874 [judge who has heard the evidence may change his or her mind or findings of fact at any time before entry of judgment]; *Heenan v. Sobati* (2002) 96 Cal.App.4th 995, 1004-1006 [vacating judgment entered by a judicial officer who had not heard evidence where trial judge had issued a tentative statement of decision and thus was the

6

only judge who had the "power to issue a judgment, and to correct or modify it on posttrial review"]; *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211, 1214-1215 [recognizing the importance of having " 'the judge who hears the evidence' " decide the case]; see also *North River, supra,* 53 Cal.App.5th at pp. 566-567.)

In *North River*, the same appellants also "insist[ed] that requiring the same bench officer who declared the forfeiture to enter summary judgment is a matter of due process." (*North River, supra,* 53 Cal.App.5th at pp. 566-567.) Our colleagues in Division Seven disagreed. Reviewing the statutory requirements for bail forfeiture, that we have discussed, the court noted appellants' argument "misapprehends the nature of summary judgment in the bail context," which, as we have said, is "a consent judgment entered without a hearing pursuant to the terms of the bail bond." (*Id.* at p. 567.)

Before North River could be held liable for the forfeited bonds, it had both notice of the forfeitures and ample opportunity to object and be heard during the lengthy appearance period. Under section 1305, when defendants failed to appear for their arraignments, the trial court was required to declare the bail bonds forfeited upon their unexcused nonappearance. (§ 1305, subd. (a)(1).) It did, and on February 25, 2014, appellants were notified by mail of defendants' failure to appear and the forfeitures of the bail bonds. (§ 1305, subd. (b)(1).) Appellants had the full appearance period and more—here, 436 days— to gather evidence to petition the court to vacate the forfeitures. Indeed, appellants took full advantage of that right. On July 15, 2015, the court—this time, the Honorable David Walgren— denied appellants' motions to vacate the forfeiture and exonerate

the bonds.  At this point, with the appearance period having expired without the forfeitures having been vacated, Judge Bensinger, like the judge in *North River*, was required by statute to enter summary judgment in accordance with the bonds' terms. (*North River, supra*, 53 Cal.App.5th at pp. 567-568.)

Given the nature of summary judgment in the bail forfeiture context—a consent judgment entered without notice nor requiring resolution of disputed facts—due process does not require the same judicial officer who declared the bail forfeiture to enter summary judgment on the forfeited bond.  (*North River, supra*, 53 Cal.App.5th at pp. 567-568.)  And, when a court follows the statutory procedures, as it did here, no due process violation occurs.  (*Ibid.*; *County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 967 [Penal Code provides sufficient "notice to the surety and the opportunity to be heard" to satisfy due process requirements]; see *People v. Surety Ins. Co.* (1978) 82 Cal.App.3d 229, 236-237, 240 [bail forfeiture procedure does not deny due process:  "surety is given notice of the 'proposed action' (by declaration of forfeiture)" and has the " 'right to respond' " through its opportunity to move to vacate the forfeiture, "result[ing] in a full evidentiary hearing before a judgment is rendered on the bond"].)

As in *North River*, appellants' reliance here on the holding in *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1295 (*Frontier*) that a summary judgment on a bail forfeiture must be entered by a judge, not by the clerk of the court, does not alter our conclusion.  (*North River, supra*, 53 Cal.App.5th at p. 568.)  There, the court of appeal declared void a summary judgment entered under section 1306 where the clerk, not the judge, signed the order.  Because section 1306 explicitly

authorized the court to enter summary judgment, the reviewing court held the rendition of the judgment could not be delegated to the clerk.  (*Frontier*, at pp. 1294-1295.)  In contrast, here—as in *North River*—a judge signed the summary judgment as required by section 1306.  (*North River*, at p. 568.)  Nor is there any evidence Judge Bensinger did not confirm the requirements of sections 1305 and 1306 had been satisfied—namely, that the bail bonds had been declared forfeited, notice of the forfeitures had been sent, and the appearance periods had expired without the forfeitures having been set aside—before entering summary judgment.  (*People v. Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 715 [when record is silent appellate court generally presumes "the trial court performed its duty and acted in the lawful exercise of its jurisdiction"]; see also Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."]; Evid. Code, § 666 [court or judge subject to "collateral attack" "is presumed to have acted in the lawful exercise of its jurisdiction"].)

Moreover, appellants' contention that *Frontier* recognizes section 1306(a)'s reference to "the court" is synonymous with "the judge" is without merit.  The case says nothing about summary judgment needing to be ordered by the *same* judge who declared the forfeiture.  If anything, the Court of Appeal's statement that the judgment there was "void for lack of execution by *a* judge" (*Frontier, supra*, 83 Cal.App.4th at p. 1294, italics added), suggests that *any* judge can enter summary judgment.  Indeed, none of the cases appellants cite requires the judge entering summary judgment in a bail forfeiture proceeding to be the same judge who declared the forfeiture.

9

b.    *Section 1306 does not require the same judicial officer who declared the bond forfeiture to enter summary judgment*

"Our primary task in construing a statute is to determine the Legislature's intent.  [Citation.]  Where possible, 'we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law. . . .'  [Citation.]"  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733; *Boys & Girls Club of Petaluma v. Walsh* (2008) 169 Cal.App.4th 1049, 1057 ["[t]he first step in statutory construction ' " 'is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning' " ' "].)  " ' " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature . . . .' " [Citation.]' [Citations.]"  (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 419.)

Section 1306(a) explicitly refers to "*the court* which has declared the forfeiture," not to a particular judicial officer. Appellants nevertheless contend section 1306(a) must be interpreted to require *the same judicial officer* who declared the forfeiture to enter the summary judgment.  They argue the terms "court" and "judge" are equivalent, and the Legislature's use in section 1306(a) of the definite article "the," rather than "a," in the phrase "the court" demonstrates its intent to require the same judicial officer who declared the forfeiture under section 1305 to be the one to enter summary judgment.  Appellants also assert that if any judge could enter summary judgment, the Legislature's reference to the act of declaring forfeiture would be surplusage.

10

*North River* rejected these same arguments, stating: "Section 1306 plainly requires the court that declared the forfeiture to enter the summary judgment. However, that language does not state, and does not mean, the same judge of the court must enter both orders. . . . [I]t is the court that has jurisdiction of the matter, not a particular judge. (See *People v. Osslo* (1958) 50 Cal.2d 75, 104 ['[a]n individual judge (as distinguished from a court) is not empowered to retain jurisdiction of a cause[;] [t]he cause is before the court, not the individual judge of that court']; *People v. Madrigal* (1995) 37 Cal.App.4th 791, 796 [same].)" (*North River, supra*, 53 Cal.App.5th at p. 565.)[5]

Because the plain language of section 1306(a) does not require the summary judgment on the forfeited bond to be entered by the same judge of the court who declared the forfeiture, appellants' statutory interpretation argument also is without merit.

---

[5] Moreover, when the Legislature has intended the same judge to perform an act, it has used clear language stating that intent. (See, e.g., § 1170.18(l) ["If the court that originally sentenced the petitioner is not available, the presiding judge shall designate *another judge*."]; Code Civ. Proc., § 635 ["when *the judge* who heard or tried the case is unavailable"]; Code Civ. Proc., § 1008, subd. (a) [motion for reconsideration made to "the same *judge* or court that made the order"] (all italics added).) Section 1306(a) does not include similar language.

11

## DISPOSITION

The February 15, 2019 orders denying the motions to set aside summary judgment, vacate forfeiture, and exonerate the bond are affirmed. Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.